## COMMONWEALTH *vs.* NATHAN P. PRATT.

Middlesex. Jan. 23. — Feb. 27, 1882. FIELD & C. ALLEN, JJ., absent.

An indictment for larceny by embezzlement must allege that the defendant "feloniously did steal, take and carry away" the property which is the subject of the indictment.

LORD, J. This is an indictment against the defendant charging him in fifty-two counts with larceny by embezzlement, upon twenty-nine of which the jury returned a verdict of guilty, and upon the residue of which they returned a verdict of not guilty. The indictment seems to be founded upon the Gen. Sts. *c.* 161, § 38; and the question is presented for our consideration, whether the indictment should have been under that section or under some other section of the same chapter, several of which relate to the subject of embezzlement. It is contended by the defendant that the treasurer of a savings bank is not punishable under that section. Inasmuch, however, as under each section the crime is in law the same, to wit, larceny, we consider first the question which would arise under whichever section of the law the defendant is indicted.

Section 35, which is the most general and comprehensive in its language, is in these words: " Whoever embezzles, or fraudulently converts to his own use, or secretes with intent to embezzle or fraudulently convert to his own use, money, goods, or property, delivered to him, which may be the subject of larceny, or any part thereof, shall be deemed guilty of simple larceny." Section 38 closes with the same words, " shall be deemed guilty of simple larceny." Section 37 says that the persons committing the act " shall be deemed guilty of larceny." Section 39 says the persons committing the act " shall be deemed guilty of larceny in said bank," which is larceny in a building; and section 25 provides that one who severs from the realty with intent to steal, and takes and carries away, the property of another of value, " shall be guilty of such simple or aggravated larceny as he would be guilty of if such property were personal property."

The crime, therefore, of which the party is taken to be guilty, is the crime of larceny; and although the aggravation of the offence, by reason of the amount of the property taken or of

the place where the offence is committed, may be varied, the crime of which he is guilty is the crime of larceny.

We do not deem it necessary to speak of the phraseology in these sections, "shall be deemed guilty of larceny," because when, by legislative enactment, certain acts are deemed to be a crime of a particular nature, they are such crime, and not a semblance of it, nor a mere fanciful approximation to or designation of the offence. The party, therefore, who embezzles property in any of the modes suggested in the statute, is guilty of larceny; that is, he steals it.

The difference in the phraseology in § 57 of the same chapter is noticeable, inasmuch as it does not designate the crime of which the party may be guilty, but only states the acts which constitute the crime, and adds, "shall be punished as in case of larceny of property of like value."

The objection is made by the defendant, that upon this indictment he is subject to be convicted of the crime of larceny when that crime is not charged against him technically and formally as required by law; and that leads to the inquiry whether in this Commonwealth it is settled that the crime of larceny consists in the doing of certain acts in relation to property, which acts must be charged against the defendant before he can be convicted of the crime of larceny. We think it is settled that no person in this Commonwealth can be convicted of the crime of larceny of any property until it is charged substantially and formally that he feloniously stole, took and carried away such property. These are words absolutely necessary to constitute a charge of larceny. In *Commonwealth* v. *Adams*, 7 Gray, 43, it was held that the omission of the word "away," whether accidental or by design, so that the charge against the defendant was that he "feloniously did steal, take and carry," against the peace, &c., was a fatal defect in the indictment, and no judgment could be rendered upon it; and although the same count of the indictment alleged that another party "feloniously did receive, have and conceal" said property, well knowing it "to have been feloniously stolen, taken and carried away as aforesaid," judgment as to him also was arrested.

That very accurate lawyer, Mr. Justice Metcalf, in giving the opinion in that case, cites a great number of authorities of the

highest character in support of this proposition: " Those words of art, which the law has appropriated for the description of an offence, cannot be dispensed with in an indictment for the offence."

It is argued that when all the facts are stated in the indictment, and the legal conclusion from those facts is stated, it is sufficient. This suggestion is plausible, but whether sound or not depends upon the mode in which the legal conclusion is stated. It might be material in this case if, instead of saying, as in the language of the indictment, that the jurors say " that the defendant in manner and form aforesaid is deemed guilty of simple larceny," the grand jury had said that the defendant in manner and form aforesaid " feloniously did steal, take and carry away " the property before referred to. If an indictment charged that A. feloniously took from the pocket of a garment which B. had upon his person a piece of coin of value, and feloniously converted it to his own use, and so was guilty of larceny from the person, no one would contend that that was a sufficient charge of larceny from the person, although the charge would be good if the legal result of the acts had been stated in these words: " and so the jurors aforesaid on their oath aforesaid do say that the said A. the said coin of value from the person of the said B. feloniously did steal, take and carry away," &c.

It is undoubtedly true that whatever confusion may exist arises from not distinguishing between the acts which constitute the crime and the language which formally expresses the nature of the crime. If the Legislature should enact that, if any person shot another in a duel, he shall be deemed guilty of murder, it could not be said to be sufficient to charge in an indictment that A. shot B. in a duel, and so was deemed guilty of murder; and yet such an indictment would state the facts which constituted A.'s guilt, and the legal conclusion from such facts, in the same mode in which this indictment charges the facts and the legal conclusion.

An indictment for the offence thus committed must charge that the defendant " wilfully and feloniously and of malice aforethought" his victim "did kill and murder; " because these are necessary elements in every crime of murder, and the omission of any of them would be fatal to the indictment. Malice

aforethought must not only be charged, but must exist, and it is competent for the Legislature in a reasonable mode to determine what facts must exist in order to constitute malice aforethought.

It is reasonable, as appears from *Commonwealth* v. *Simpson*, 9 Met. 138, although the Legislature has made embezzlement larceny, to require of the pleader to state the mode in which the larceny is committed ; and although it was held in that case that there is such a distinction between an ordinary larceny and a larceny by embezzlement that the simple charge of larceny will not be supported by proof of embezzlement, but that the embezzlement should be set out as the means by which the larceny was committed, such decision does not in any manner conflict with the views here expressed.

Upon examining the precedents, both in England and in this country, although there are statutes in England similar to ours, making embezzlement larceny, we do not find any authority for this mode of pleading; and we do not find any indictment upon which a party has been convicted of larceny by means of embezzlement, which has not in it the words "feloniously did take, steal, and carry away." The precedents are sometimes spoken of as having two counts; the facts upon which the larceny is based being referred to as one count, and the charge that the party feloniously did steal, take and carry away the embezzled property being referred to as a second count. It would perhaps be quite as proper to consider all the averments as constituting but a single count, the previous recital of the acts in the former part of the count being regarded as notice of the means by which the larceny is to be established.

No judgment can be rendered upon this indictment, because the offence of larceny is not charged in it; nor is any offence known to the law substantially and formally charged against the defendant.

We said in a former part of the opinion that in a legislative enactment the phrase "shall be deemed guilty of larceny " is equivalent to and means that he is guilty of larceny. In every count of this indictment the grand jury charge, not that the defendant is guilty of larceny, but that in law he is deemed guilty of larceny. If, instead of larceny, the allegation had been

that he was deemed guilty of feloniously stealing, taking and carrying away, instead of a direct charge by the grand jury that he "feloniously did steal, take and carry away," a question would arise which we do not now have occasion to consider; and we refer to the fact for the purpose of excluding the conclusion that, because the Legislature may properly use the language "deemed to be guilty" of an offence, therefore the grand jury in charging a defendant may use any other than a positive and direct averment of actual guilt.

*Exceptions sustained.*

*B. F. Butler*, for the defendant.

*G. Marston*, Attorney General, (*C. H. Barrows*, Assistant Attorney General, with him,) for the Commonwealth.