CASE 14.—INDICTMENT—MARCH 8.

# Clark v. Commonwealth.

APPEAL FROM JEFFERSON CIRCUIT COURT, CRIMINAL DIVISION.

EMBEZZLEMENT.—Where an agent or servant of a corporation converts to his own use money which he has collected for the corporation he is guilty of embezzlement, although he may have been entitled to a commission for collecting. The rule that where one follows collecting on commission as a business he is not guilty of embezzlement if he fails to pay over has no application.

ALFRED SELLIGMAN AND CHARLES G. RICHIE FOR APPELLANT.

1. The corporate existence of the Singer Manufacturing Company is not established by the evidence. The act of the New Jersey Legislature relied upon leaves certain matters to be performed before the corporation becomes an entity, and the performance of these things is not shown.

2. The indictment is defective in that it does not give the names of the persons from whom the money was collected.

3. Under the contract there were two condition precedents to Clark's Agency: First, a written authority to collect, and, second, an assignment of territory; and yet upon neither of these vital points was there any testimony offered.

Clark v. Commonwealth.

4. By the terms of the contract Clark's commission on the funds collected gave him such an interest in the fund as to make him a joint owner with the Singer Manufacturing Company, and to preclude all the possibilities of embezzlement. (6 Am. & Eng. Enc. of Law, 474-5; State v. Kent, 22 Minn., 41; Carter v. State, 53 Ga., 326; Commonwealth v. Libbey, 45 Am. Dec., 185; Commonwealth v. Sterns, 2 Met., 34; Webb v. State, 8 Texas App., 310; 4 Lawson's Crim. Dec., 894; Rapalje on Embezzlement, 721; Holem's Case, 2 Lew., 256; 2 Archb. Criminal Pleading & Practice, 569, note; 2 Bishop, 355-6; Commonwealth v. Foster, 107 Mass., 221.)

WM. J. HENDRICK, ATTORNEY-GENERAL, ERNEST MACPHERSON AND H. H. NETTLEROTH FOR APPELLEE.

1. The Singer Manufacturing Company was incorporated and exists by and under a special act of the New Jersey Legislature. The only condition precedent to its beginning business under that act is shown to have been performed.
2. It was not necessary to allege in the indictment the names of all the persons from whom the money was received. (Brown v. State of Ohio, 18 Ohio St., 513.)
3. The authority of Clark to collect is shown by the evidence.
4. Appellant had no claim against the Singer Manufacturing Company for commissions, except in cases where he collected money and *turned same over to the corporation.* As appellant never turned over the funds he collected he was not entitled to any commission.

JUDGE GUFFY DELIVERED THE OPINION OF THE COURT.

In November, 1894, an indictment was returned by the grand jury of Jefferson county against the appellant, S. M. Clark, accusing him of the crime of embezzlement, averring in substance that he being an agent and servant of the Singer Manufacturing Company, a corporation existing under the laws of the State of New Jersey, and at the time doing business in Kentucky, did feloniously, wilfully, etc., convert to his own use $271.25 in lawful money, the personal property of said corporation, which had come to his hands etc. as such agent, and had wholly failed to pay over or account for the same. A demurrer to the indictment was

overruled by the court and a trial in the Jefferson Circuit Court resulted in a verdict of guilty and fixing the punishment of appellant at confinement in the penitentiary for a term of three years.

Defendant filed grounds for and moved the court for a new trial, which motion was overruled by the court, and judgment entered in accordance with the verdict, and defendant has appealed to this court and asks a reversal upon the following grounds, viz:

1. That the verdict is contrary to law.

2. Because the verdict is contrary to the evidence.

3. Because the court erred in the instructions given.

4. Because the court erred in not giving the full law of the case.

Appellant also insists that the court should have given a peremptory instruction to find for defendant, and that it was not shown that the Singer Manufacturing Company was legally organized, and that the demurrer should have been sustained. That as defendant was entitled to a commission of 5 per cent. on the money for collecting, etc., that he could not be guilty of embezzlement.

It seems to us that the organization of the company was sufficiently proven, and that the demurrer was properly overruled. There was some proof introduced conducing to show that defendant had converted to his own use some of the money which, as agent of the corporation, he had collected. The written contract filed, together with other evidence, seems to show that defendant was the agent of said company. If the defendant was the agent or servant of the corporation the fact that he was entitled to 5 per cent. for collecting would not protect him if he in fact embezzled the money so collected. See 6 American and English Encyclopedia of Law, pages 475-6, and numerous cases there cited.

It is true that where one follows collecting on commission as a business he can not be found guilty of the crime of embezzlement on account of failure to pay over. Numerous decisions might be cited to this effect, but the above reference is deemed sufficient. No proof at all was introduced by defendant tending or attempting to show that collecting was an independent business in which he was or had been engaged, nor any proof contradicting or explaining the evidence adduced by the prosecution.

Although the punishment may be severe or seem harsh, yet this court has no legal power to interfere. The jury were the judges of the evidence and also of the punishment to be inflicted, within the limits prescribed by law.

The judgment is therefore affirmed.