CASE 30—INDICTMENT—JUNE 22.

# Stone v. Commonwealth.

APPEAL FROM DAVIESS CIRCUIT COURT.

1. CRIMINAL LAW—EMBEZZLEMENT—AGENT, WHO IS.—One who by special agreement with the State agent of an insurance company solicits and obtains a particular risk is not "an agent or servant" of the company within the meaning of sec. 1202, Kentucky Statutes against embezzlement.

2. CRIMINAL LAW—EMBEZZLEMENT—PARTY ENTITLED TO COMMISSION.—A person converting to his own use the money of a corporation in his hands is not guilty of embezzlement where he is entitled to a commission out of the money converted.

LITTLE & LITTLE FOR APPELLANT.

1. Stone was not criminally liable under sec. 1202 Kentucky Statutes.

2. Where one under arrest confesses he is guilty as charged and he is charged with embezzling funds of the National Life Insurance Company, such confession is not competent evidence on trial under a subsequent indictment charging him with embezzling funds of the National Life Association. Gabriel v. State, 40 Ala., 357; Youra v. Territory, 29 Pac. R., 894; State v. Cowen, 56 Kan., 470; Com. v. Call, 21 Pick, 515; s. c., 32 Am. Dec., 284; Com. v. Campbell, 155 Mass., 537; s. c., 83 Am. Dec., 705; State v. Cox, 65 Mo., 29; People v. Corbin, 56 N. Y., 363; s. c., 15 Am.

Stone v. Commonwealth.

R., 427; Warren v. State, 29 Tex., 369; Kollock v. State, 88 Wis., 363.

3. Evidence of confession out of court is incompetent, until there is *prima facie* evidence of the *corpus delicti.* 6 Am. & Eng. Enc., (2d ed.), 569.

4. Where one receives money, a portion of which belongs to himself, as a commission on the whole amount, he is not guilty of embezzlement, though he converts the whole to his own use. State v. Kent, 21 A. Rep., 764; s. c., 22 Minn., 41; Com. v. Libby, 45 Am. Dec., 185; 2 Archb. Cr. Pl. & Pr., 569n; 2 Bishop Cr. L., secs. 335, 355, 356; Calkins v. State, 98 Am. Dec., 137n; s. c., 18 O. St., 366; Com. v. Stearns, 2 Met. (Mass.), 343; Webb v. State, 8 Tex. App., 310; 4 Lawson Cr. Def., 894; Carter v. State, 53 Ga., 326.

5. Clark v. Com., 97 Ky., 76, is unlike this case. Clark was entitled to no part of the fund he appropriated. He was only entitled to commission for collecting and paying over.

6. Appellant was not an agent of the corporation in the meaning of the statute. A mere casual employment does not fall within the statute. 6 Am. & Eng. Enc., 472; Johnson v. State, 9 Baxter, 279.

7. The statute does not embrace agents having different principals, such as auctioneers, etc. Com. v. Libby, 45 Am. Dec., 185; Com v. Stearns, 2 Met., 343.

8. Instruction as to reasonable doubt, which leaves the jury to determine what matters (which the court may have defined) were necessary to appellant's guilt, is erroneous. Sparks v. Com., 3 Bush, 113.

W. S. TAYLOR, ATTORNEY-GENERAL, FOR APPELLEE.

1. Section 633, Kentucky Statutes, defines who shall be deemed agents of insurance companies and such definition is applicable to the same word contained in sec. 1202 of Kentucky Statutes.

2. Appellant is estopped to deny that he was the agent of the insurance company. Bishop on Criminal Law, vol. 2, sec. 351.

3. Appellant was an agent for the insurance company within the well recognized definitions of the term agent. Am. & Eng. Enc. of Law, vol. 6, 475-6; Campbell v. State, 35 Ohio St., 70; Clark v. Com., 97 Ky., 76.

LAVEGA CLEMMENTS ALSO FOR APPELLEE.

1. The appellant was guilty of embezzlement under the principles
   laid down by this court in Clark v. Commonwealth, 97 Ky., 76.

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

The appellant was tried and convicted for embezzlement
of the funds of the National Life Association of Hartford,
Conn., under the following statute: "If any officer, agent,
clerk or servant of any bank or corporation shall embezzle,
or fraudulently convert to his own use or to the use of an-
other, bullion, money, bank notes, or any effects or prop-
erty belonging to such bank or corporation or other cor-
poration or any person, which shall have come to his posses-
sion or been placed in his care or under his management as
such officer, agent, clerk or servant, he and the person to
whose use the same was fraudulently converted, if he as-
sented thereto, shall be confined in the penitentiary not less
than one nor more than ten years." Ky. Stat., Sec. 1202.
On the trial it appeared that appellant was the regular
agent at Owensboro for the Fidelity Mutual Insurance
Company of Philadelphia; but, learning that certain risks
might be written in the Hartford company which could not
be accepted in his own company, he, in connection with one
Gant, who was an agent for the New York Equitable, pro-
cured an application for a $10,000 policy from one Thomas
Soaper; appellant having first obtained permission and
authority to do so from Gathright, the State agent of the
Hartford company at Louisville. The application was
signed by appellant as solicitor, and Gathright was in-
formed at the time it was forwarded to him that Soaper's
note, amounting to $688, would be taken and discounted,
and, after retention of forty per cent. thereof for appellant
and Gant's share, the balance would be sent to Gathright.

Stone v. Commonwealth.

The application was forwarded to the company by Gathright, and the risk accepted, and the policy issued. Thereupon appellant and Gant discounted the Soaper note, which was payable to appellant, at one of the banks of the city. Of the proceeds, Gant was paid his twenty per cent. Appellant then appears to have bought New York exchange, to the amount of sixty per cent., to be sent to Gathright, who, it seems, was to retain thirty per cent., leaving thirty per cent. for the company. He left the country, however, and the money was never sent.

It is clear, we think, that appellant was not, within the meaning of the statute, the agent of the Hartford company, having in his possession, care, or management, money, bonds, notes, or effects belonging to that company. The company never had him employed, and heard nothing of him, beyond seeing his name on the application as solicitor. The simple arrangement was that appellant and Gant, as solicitors under special contract with Gathright, were to forward the application of Soaper to Gathright, take the note of the insured, and, as joint owners of the proceeds, discount the paper, and forward the balance to other owners. The rule seems to be well settled that "in all cases where one receives money, a portion of which belongs to himself as a commission on the whole amount, he is not guilty of embezzlement, though he converts the whole to his own use." 6 Am. & Eng. Enc. Law, 475, and numerous cases cited. It is different if the whole fund collected belongs to the company, the agent getting his commission in the nature of a rebate out of the sum actually paid over. Clark v. Com., 16 Ky. Law Rep., 704 [29 S. W., 973.] We do not think section 633 of the statute, under the head of "Private Corporations," and defining and regulating the conduct of insurance companies in this State, and providing that, not-

withstanding an application for insurance may provide that the solicitor is agent of the insurer, he is yet the agent of the company, has any sort of application to the statute on embezzlement. Under the state of case presented, the peremptory instructions to find appellant not guilty should have been given. Wherefore the judgment of the lower court is reversed, and the cause remanded for proceedings consistent with this opinion.