## STATE *vs.* EUGENE W. WHITEHOUSE.

### Kennebec.    Opinion March 29, 1901.

*Pleading.  Embezzlement.   Larceny.   Guardian.   14th Amend. U. S. Const.*
*R. S., c. 67, § 31; c. 120, § 7.   Stat. 1893, c. 241.*

Chapter 241, Public Laws 1893: "Whoever embezzles, or fraudulently converts to his own use, or secretes with intent to embezzle or fraudulently convert to his own use, money, goods, or property delivered to him, or any part thereof, which may be the subject of larceny, shall be deemed guilty of larceny," does not apply to the case of a guardian who, in violation of his trust, embezzles the property of his ward, of which he has the charge and custody by reason of his guardianship, the penalty for which is fixed by R. S., c. 67, § 31.

In an indictment under that act it is neither necessary nor proper, therefore, for either count in the same to contain any words charging the commission of the crime of larceny, because the crime is not larceny. The fourth count contains no such words, and the allegations in the first count charging larceny may be rejected as surplusage.

*Held;* that in all other respects the first and fourth counts in the indictment are sufficient; they contain all the necessary averments, stated with sufficient particularity and certainty, to apprise the defendant of the crime with which he was charged, and to enable the court to see, without going out of the record, what crime had been committed, if the facts alleged are true.

*Also, held;* that it is not necessary for either count to contain an averment that the defendant was "not an apprentice nor less than sixteen years of age." This exception only applies in cases where the indictment is against an officer, agent, clerk, or servant of a person, copartnership or corporation, under R. S., c. 120, § 7.

The allegations of the fourth count that the defendant was a guardian, that while he was guardian and by virtue of his guardianship he had the charge and custody of the property of his ward, which, in violation of his trust, he embezzled and converted to his own use, are sufficient. And the first count, which contains more full and particular averments in relation to the defendant's appointment, acceptance and qualification, is not injured thereby, although these averments were unnecessary.

It is no defense to the indictment that the statute, upon which the first and fourth counts are based, is in violation of the last clause of the Fourteenth Amendment to the Federal Constitution: "Nor shall any state . . . . deny to any person within its jurisdiction the equal protection of the laws,"

on the ground that it imposes a special punishment for a class of offenders, e. g. guardians who embezzle the property of their wards. The statute operates alike upon all persons who commit this offense, and is in no way repugnant to the Fourteenth Amendment to the Federal Constitution.

Exceptions by defendant. Overruled.

Indictment found in the Superior Court for Kennebec County, charging the defendant as a guardian with embezzling the funds of his ward's estate. The defendant filed a general demurrer which was overruled by the court, and he was allowed exceptions.

First count.—The jurors for said State upon their oath present, that Eugene W. Whitehouse of Augusta, in said county of Kennebec, on the fourteenth day of December, in the year of our Lord one thousand eight hundred and ninety-one, at Augusta, in said county of Kennebec, was duly appointed by the judge of probate for said county of Kennebec, guardian of and to Charles A. Prescott, a minor under the age of twenty-one years, then and there being and having estate in said county of Kennebec and residing in the Commonwealth of Massachusetts, and then and there accepted said trust and office, and was then and there duly qualified as guardian of and to said Charles A. Prescott, and afterwards, on the fourth day of February in the year of our Lord one thousand eight hundred and ninety-two, at said Augusta, whilst he, the said Eugene W. Whitehouse, was guardian as aforesaid and in his said capacity of guardian of and to the said Charles A. Prescott, did receive into his charge and custody certain money to the amount and of the value of two thousand one hundred and thirty-one dollars and eighty cents of the money and property of and belonging to the said Charles A. Prescott, a more particular description whereof is to your said jurors unknown, and afterwards, on the thirtieth day of September in the year of our Lord one thousand eight hundred and ninety-five, at said Augusta, being then and there, on the day last aforesaid, the guardian of the said Charles A. Prescott, as aforesaid, and in his said capacity of guardian, as aforesaid, having the charge and custody of the aforesaid money, then and there, on the day last aforesaid, the property and money of and belonging to the said Charles A. Prescott, his said ward, in violation of his said trust,

did unlawfully embezzle and fraudulently convert to his own use the said money, whereby and by force of the statute in such cases made and provided the said Eugene W. Whitehouse is deemed to have committed the crime of larceny.

Fourth Count.— And the jurors for said State, upon their oath, do further present that the said Eugene W. Whitehouse, on the thirtieth day of September in the year of our Lord one thousand eight hundred and ninety-five, at said Augusta, then and there being the guardian lawfully appointed by the judge of probate for said county of Kennebec to and of Charles A. Prescott, a minor under the age of twenty-one years then and there being, did whilst he was guardian as aforesaid and by virtue of his said guardianship have the charge and custody of certain money to the amount and of the value of two thousand one hundred and thirty-one dollars and eighty cents of the money and property of and belonging to the said Charles A. Prescott, and then and there the money aforesaid, in violation of his said trust, did unlawfully embezzle and fraudulently convert to his own use, against the peace of the State and contrary to the form of the statute in such case made and provided.

*E. W. Whitehouse,* for defendant.

*G. W. Heselton,* county attorney for state.

SITTING: WISWELL, C. J., EMERY, STROUT, SAVAGE, FOGLER, POWERS, JJ.

WISWELL, C. J.   The defendant filed a general demurrer to an indictment against him containing ten counts, and, upon the same being overruled by the court below, brings the case to the law court upon exceptions to such ruling.

The prosecuting attorney concedes that the second, third and last six counts are insufficient, thus leaving the first and fourth counts only for consideration.   These counts are both under R. S., c. 67, § 31, as follows: "If a guardian, having the charge and custody of property belonging to his ward, embezzles the same in violation of his trust, or fraudulently converts it to his own use, he

shall be punished by fine not exceeding five thousand dollars, or confinement to hard labor not exceeding ten years, or both."

Chapter 241, Public Laws 1893, is as follows: "Whoever embezzles, or fraudulently converts to his own use, or secretes with intent to embezzle or fraudulently convert to his own use, money, goods, or property delivered to him, or any part thereof, which may be the subject of larceny, shall be deemed guilty of larceny."

Both of these counts allege that upon a day and at a place named, the defendant was the guardian of a certain minor, that in such capacity he had the charge and custody of a certain amount of money belonging to his ward, and that upon the day and at the place named, in violation of his trust as such guardian, he embezzled and fraudulently converted the same to his own use. The first count differs from the fourth in alleging with more particularity and detail the appointment of the defendant as guardian, his acceptance of the trust and qualification therefor. The first count also contains this averment, "whereby and by force of the statute in such cases made and provided the said Eugene W. Whitehouse is deemed to have committed the crime of larceny." The count concludes as follows: "And so the jurors aforesaid, upon their oath aforesaid, do say and present that the said Eugene W. Whitehouse, then and there on the day last aforesaid, in manner and form aforesaid, the said money of the property of and belonging to the said Charles A. Prescott, feloniously did steal, take and carry away, against the peace of the state and contrary to the form of the statute in such case made and provided." The fourth count does not contain any allegation charging the defendant with the commission of the crime of larceny.

The first question to be decided is, as to whether the Act of 1893, above quoted, applies to the case of a guardian who, in violation of his trust, embezzles the property of his ward, of which he has the charge and custody by reason of his guardianship. Because, if it does apply, and the offense is thereby made larceny, the fourth count is insufficient, insomuch as it contains no words charging the commission of larceny. *Commonwealth* v. *Pratt*, 132 Mass. 246; *State* v. *Stevenson*, 91 Maine, 107.

The question is not free from difficulty. But we do not think that it was the intention of the legislature to make this act applicable to the case of embezzlement by a guardian, for which a special statute had long before been enacted. At the time of the passage of the Act of 1893, there was already a statute, R. S., c. 120, § 7, making embezzlement under certain circumstances, larceny. By that statute it is provided that an officer, agent, clerk or servant of a person, copartnership or corporation who embezzles any property of another in his possession or under his care by virtue of his employment; or that a public officer, collector of taxes, or an agent, clerk or servant of such public officer who embezzles any money in his possession or under his control by virtue of his office or employment by such officer, shall be guilty of larceny and shall be punished accordingly.

This statute obviously does not apply to many cases that might arise where money or other property had been intrusted to a person upon some trust and confidence, and was embezzled and fraudulently converted by him to his own use, and where such person could not be convicted of larceny because the felonious taking would be wanting. We think that the purpose of the Act of 1893 was to obviate this defect and to make embezzlement by others than those already enumerated in R. S., c. 120, § 7, larceny by additional legislation, rather than to change any existing statute. Under the statute, relating to embezzlement by a guardian, the punishment differs in important respects from that provided by statute for larceny. We, therefore, do not believe that it could have been the intention of the legislature that the Act of 1893 should affect the previous statute, without making some reference to it.

This act is almost identical with one passed in Massachusetts in 1857 which has been in force ever since. Shortly after its passage in the latter state it received judicial construction in the case of *Commonwealth* v. *Hays*, 14 Gray, 62, in which case the court referred to the case of *Commonwealth* v. *Williams*, 3 Gray, 461, in which it was decided that a person, who had converted to his own use money which had been delivered to him by another for safe keeping, was not guilty of embezzlement under the statutes exist-

ing prior to the passage of the statute of 1857, and said: "The statute of 1857, c. 233, was probably enacted to supply the defect which was shown to exist in the criminal law by this decision, and was intended to embrace cases where property had been designedly delivered to a person as a bailee or keeper, and had been fraudulently converted by him." In adopting this statute from Massachusetts our legislature must have intended that it should receive the construction placed upon it by the court of that state.

It was neither necessary nor proper, therefore, for either count to contain any words charging the commission of the crime of larceny, because the crime is not larceny. The fourth count, as we have already seen, contains no such words, and these allegations in the first count charging larceny may be rejected as surplusage. Surplusage is any allegation without which the pleading would be adequate in law. In general, unnecessary averments in an indictment may be treated as mere waste material, to pass unnoticed, having no legal effect whatever. I Bishop on Criminal Procedure, § 478.

In all other respects both counts are sufficient, they contain all the necessary averments, stated with sufficient particularity and certainty, to apprise the defendant of the crime with which he was charged, and to enable the court to see, without going out of the record, what crime had been committed, if the facts alleged are true.

It was not necessary, as urged by the defendant, for either count to contain an averment that the defendant was "not an apprentice nor less than sixteen years of age." This exception only applies in cases where the indictment is against an officer, agent, clerk or servant of a person, copartnership or corporation, under R. S., c. 120, § 7. *State* v. *Walton,* 62 Maine, 107. Nor was it necessary that either count should contain the more full and particular averments of the first count in relation to the defendant's appointment, acceptance and qualification. The allegations of the fourth count that the defendant was guardian, that while he was guardian and by virtue of his guardianship he had the charge and custody of the property of his ward which, in violation of his trust, he embezzled

and converted to his own use, are sufficient. *State* v. *Goss*, 69 Maine, 22. But the first count is not injured by these averments, although they were unnecessary.

Again, it is urged by the defendant that the statute, upon which these counts are based, is in violation of the last clause of the Fourteenth Amendment to the Federal Constitution: "Nor shall any state deny to any person within its jurisdiction the equal protection of the laws," inasmuch as it imposes a special punishment for a class of offenders, that is, guardians who embezzle the property of their wards. There is no merit to this contention and the defendant's objection, upon this account, would be as applicable to nearly every penal statute. This clause, "merely requires that all persons subjected to such legislation shall be treated alike, under like circumstances and conditions, both in the privileges conferred and in the liabilities imposed." *Marchant* v. *Penn. R. R. Co.*, 153 U. S. 380. "Whenever the law operates alike upon all persons and property, similarly situated, equal protection can not be said to be denied." *Walston* v. *Nevin*, 128 U. S. 578. This statute operates alike upon all persons who commit this offense, and is in no way repugnant to the Fourteenth Amendment to the Federal Constitution.

As the first and fourth counts in the indictment are considered sufficient in all respects, the defendant's exceptions must be overruled, but as he reserved and was given the right to plead over, the judgment will not be final.

*Exceptions overruled.*

*Defendant to be allowed to plead over.*