CASE 62.—PROSECUTION AGAINST SAMUEL T. JACOBS
FOR EMBEZZLEMENT.—October 1.

# Commonwealth v. Jacobs

Appeal from Jefferson Circuit Court.

Criminal Branch, JOSEPH PRYOR, Judge.

From a judgment of not guilty under a peremptory istruction of the Court the Commonwealth appeals—Reversed.

Embezzlement—What Constitutes.—An agent, with authority to collect money and retain a part for his services, is, on converting to his own use the entire amount collected, guilty of embezzlement, within Ky. Stats., 1903, section 1202, punishing any agent who shall embezzle or convert to his own use the money of his principal, though he was entitled to 15 per cent · of the amount as his commission.

N. B. HAYS, Attorney General; JAMES QUARLES, J. M. HUFF-AKER, LORAINE MIX and C. H. MORRIS, for appellant.

We submit that in view of the clear decision of this court in the case of Clark v. Commonwealth, 97 Ky., 96, and in the case of Stone v. Commonwealth, 104 Ky., 220, the fact that the defendant

(appellee) was entitled to 15 per cent of the money which he collected and appropriated, this court will not sanction any such interpretation of the law as that given by the learned judge of the court below.

. EARL & HUBBARD, attorneys for appellee.

It has been thoroughly shown by the proof in this case that the appellee had an interest in the fund to the extent of 15 per cent. This being true, as is shown by the authorities cited, the court's ruling in sustaining a motion for a peremptory instruction was correct.

Commonwealth v. Jacobs.

CITATIONS.

Stone v. Commonwealth, 104 Ky., 220; State v. Kent, 21 Am. Rep., 764; S. C. 22 Minn., 41; Commonwealth v. Libby, 45 Am. Dec., 185; 2 Archb. Cr. Pl., 569; 2 Bishop A. L., sections 335, 355, 356; Calkins v. State, 98 Am. Dec., 137n; S. C. 18 O. St., 366; Commonwealth v. Stearns, 2 Met. (Mass.), 343; Webb v. State, 8 Tex. App., 310; 4 Lawson Cr. Def., 894; Carter v. State, 53 Ga., 326.

OPINION OF THE COURT BY JUDGE HOBSON—Certifying law.

Samuel T. Jacobs was employed by the Western & Southern Life Insurance Company, a corporation with headquarters at Cincinnati, as an agent to solicit insurance and collect the premiums. The contract between Jacobs and the company, among other things, contained this provision as to the duty of Jacobs: "To keep true records of the business in the books provided by the company, and to account for and remit to the chief office, in Cincinnati, Ohio, or to the superintendent, as instructed, every week, on the day and in the manner required, all money received by me during the week." It was also in the contract that Jacobs should receive as "salary 15 per cent. of the amount actually collected each week and paid to the company." Jacobs collected from a number of policy holders money for the company, which he failed to pay over. He sent in his collection book by messenger, saying that the book was all he could send. Although the contract provided that his compensation should be 15 per cent. commission on the amount collected by him and paid over to the company, the uniform mode of doing business was for him to retain his 15 per cent. and pay over the balance to the company. He was indicted for embezzlement under section 1202, Ky. St. 1903, which is as follows: "If any

officer, agent, clerk, or servant of any bank or corpo-
ration shall embezzle, or fraudulently convert, to his
own use or the use of another, bullion, money, bank
notes, or any effects or property belonging to such
bank or corporation, or other corporation or any
person, which shall have come to his possession or
been placed in his care or under his management as
such officer, agent, clerk, or servant, he and the per-
son to whose use the same was fraudulently con-
verted, if he assented thereto, shall be confined in the
penitentiary not less than one and not more than ten
years.'' On the trial of the case, the facts above
stated were proved by a number of witnesses. At the
conclusion of the evidence for the Commonwealth, the
court peremptorily instructed the jury to find the
defendant not guilty. This was done, and the Com-
monwealth appeals.

The ruling of the court was based upon the idea
that, as Jacobs was entitled to 15 per cent. of the
money, he was not guilty of embezzlement in using
it. It will be observed that by the contract his com-
pensation was to be 15 per cent. of the amount col-
lected by him and paid over to the company. Under
the contract, it was his duty to pay the whole fund
over to the company, but no one can complain of that
which he consented to, and, as the company consented
to his taking out the 15 per cent, and paying over the
85 per cent. to it, it cannot complain of his taking out
the 15 per cent. and he was guilty of no embezzlement
in using the 15 per cent. But the right to use the 15
per cent. gave him no right to use the 85 per cent.
The whole fund belonged to the company.. It was
in his hands as agent of the company. The fact that
the company, to avoid circuity, allowed him to retain
the 15 per cent. instead of having him pay over the

whole fund to it, and for it then to return to him the 15 per cent. in no way affected the substance of the transaction. The fund was in his hands as agent of the company. He had no right to use out of the fund anything more than 15 per cent., and when he used the entire fund he converted to his own use the money of the company which had come into his possession as its agent. The rule was so announced in Clark v. Commonwealth, 97 Ky. 76, 29 S. W. 973, 16 Ky. Law Rep. 703. In the subsequent case in Stone v. Commonwealth, 104 Ky. 220, 46 S. W. 721, 20 Ky. Law Rep. 478, 84 Am. St. Rep. 452, the decision of the court rests on the ground that Stone was not the agent of the corporation and did not hold the money as its agent. The quotation in the opinion from the Encyclopedia of Law, as to the rule applicable where the agent is entitled to commission, was used only as a matter of argument, and related to a subject not before the court. This was pointed out in the later case of Com. v. Fisher, 113 Ky. 491, 68 S. W. 855, 24 Ky. Law Rep. 300, where the rule laid in Clark v. Com. was adhered to, and it was held that the offense under the statute was made out when a sheriff had embezzled the funds of the county, although the defendant was entitled to a commission out of the money collected by him.

In Campbell v. State, 35 Ohio St. 70, the precise question was raised, and in disposing of it the court said: "It is also claimed that, inasmuch as the defendant was entitled to a commission out of the funds collected as compensation for his services, he was a joint owner of the money, and was not therefore an agent within the meaning of the statute. This claim is not well founded. Although the defendant was entitled to a percentage of the moneys collected

for his services, and might have taken and retained such percentage without being guilty of embezzlement, yet the entire sum, until such division was made, belonged to his employer, and he was a mere agent and custodian. The controlling difference between the relation of attorneys, auctioneers, warehousemen, etc., with their employers, and the defendant and his employers, is this: The former engage in an independent employment, subject only to the usages of their different lines of business, while the latter is subject to the direction and control of his employer. And while the former may not be subject to the penalties of this statute, the latter is clearly embraced within its terms and meaning." In Territory v. Meyer, 3 Ariz. 199, 24 Pac. 183, the court followed the rule laid down in Ohio. It said: "If an agent of a corporation authorized to carry on a business for his principal receives a commission upon the proceeds of the business, he is still a trustee for the use of his principal as to the remainder, and has in his possession property by virtue of his trust. In this case, Meyer was required to send at stated intervals the amount of the receipts of the office, less his commission. These amounts, at least, he held in trust for the corporation, and it was these which constituted the subject-matter of the embezzlement." In Com. v. Smith, 129 Mass. 104, the servant was intrusted with goods to sell, and was entitled to a commission on the proceeds. He sold the goods and converted the proceeds. It was held that he was guilty of embezzlement. See, also, People v. Civile, 44 Hun (N. Y.) 497; Brandenstein v. Way, 17 Wash. 293, 49 Pac. 511; Morehouse v. State, 35 Neb. 643, 53 N. W. 571; People v. Birnbaum, 114 App. Div. 480, 100 N. Y. Supp. 160; State v. Whitehouse, 95

Me. 179, 49 Atl. 869; State v. Hoshor, 26 Wash. 643, 67 Prac. 386; State v. Collins, 1 Marv. (Del.) 536, 41 Atl. 144; Foster v. State, 2 Pennewill (Del.) 111, 43 Atl. 265; State v. Maines, 26 Wash. 160, 66 Pac. 431.

We are aware that the contrary rule was laid down in Minnesota in State v. Kent, 22 Minn. 41, 21 Am. Rep. 764, in Illinois in McElery v. People, 202 Ill. 473, 66 N. E. 1058, and in several other American cases following certain cases in England; but the English ruling is based upon the rule obtaining there that criminal statutes are strictly construed, due in part to the fact that all felonies in England were originally punished with death. The rule of strict construction as to criminal statutes is not in force in Kentucky. Section 459, Ky. St. 1903, provides: "There shall be no distinction, in the construction of statutes, between criminal or civil and penal enactments. All the statutes shall be construed with a view to carry out the intention of the Legislature." Although the defendant was entitled to 15 per cent. of the fund as his commission, he held the remaining 85 per cent. of the fund as the agent of the company, and, when he embezzled it, his act was as much within the purpose of the statute as if he had been entitled to nothing for commissions and had embezzled the whole fund.

We therefore conclude that the court erred in instructing the jury peremptorily to find the defendant not guilty, and this is ordered to be certified.