JULIUS VICENTE AND VICTOR DEAN, *Plaintiffs in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

Opinion Filed October 28, 1913.

An information charging the offense of feloniously and burglariously breaking and entering a building with intent to commit a misdemeanor, to-wit, petit larceny, containing no allegations of ownership is fatally defective, and a motion in arrest of judgment thereon should be granted.

Writ of error to Criminal Court of Record, Monroe County; W. Hunt Harris, Judge.

Judgment reversed.

*L. A. Harris*, for Plaintiffs in error;

*T. F. West*, Attorney General, and *C. O. Andrews*, Assistant, for the State.

HOCKER, J.—The information herein charges that the defendants "feloniously did enter without breaking a certain building there situate, to-wit, the Jefferson Hotel, with intent to commit a misdemeanor, to-wit, petit larceny." There is no allegation as to the ownership of the building alleged to have been feloniously entered. After conviction the defendants moved in arrest of judgment on the ground that as no ownership of the building is alleged the information is fatally defective. This motion was overruled and the defendants took writ of error.

Defects that do not render an indictment or information fatally defective should be pointed out in a motion to quash so that any adjudged defect may be duly remedied, rather than in a motion in arrest of judgment after conviction. But where an indictment or information is fatally defective in alleging a criminal offense, a motion in arrest of judgment is available, even though no motion to quash was made.

An information charging the offense of feloniously and burglariously breaking and entering a building which contains no allegation as to the ownership of the building is fatally defective. Davis v. State, 51 Fla. 37, 40 South. Rep. 179.

The information being fatally defective in not alleging the ownership of the building, the judgment of conviction thereon should have been arrested.

Judgment reversed.

SHACKLEFORD, C. J., AND TAYLOR, COCKRELL AND WHITFIELD, J. J., concur.