ED PENUEL, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

## Opinion Filed October 28, 1913.

1    An indictment charging that "horses belonging to C. were delivered to P. as his agent to sell for cash, and that C. agreed to pay P. one-half the proceeds therefrom over and above a certain amount," does not allege a partnership between C. and P.

2.    An indictment alleging the ownership of certain horses in C. and a contract under which the proceeds from the sale thereof necessarily as matter of law, because the property of C. sufficiently lays the ownership of the proceeds in C.

Writ of error to Circuit Court, Jackson County; D. J. Jones, Judge.

Judgment affirmed.

*Paul Carter,* for Plaintiff in Error;

*T. F. West,* Attorney General, and *C. O. Andrews,* Assistant, for the State.

COCKRELL, J.—The plaintiff in error challenges the sufficiency of the indictment, under which he was convicted of embezzlement of the proceeds from the sale made by him as agent of certain horses, the property of J. B. Cawthon.

The principal objections to the form of the indictment may be stated as founded upon the assumptions that the pleading shows a partnership between Penuel and Cawthon and that it fails to allege the ownership of the property embezzled.

The indictment charges that twelve head of horses belonging to Cawthon were delivered to Penuel as his agent

to sell for cash, and that Cawthon agreed to pay Penuel one half the proceeds therefrom over and above a certain amount. We fail to perceive how this agreement constitutes a partnership, or anything more than a promise on Cawthon's part to pay an amount to be thereafter ascertained upon a contingency; it does not even invest Penuel with title to any of the proceeds to arise from the sale. It would seem, however, that an interest of the agent to sell on commissions from the sale, when he fraudulently converts the whole sum, does not forbid an indictment charging embezzlement of the total amount received by him. See Commonwealth v. Jacobs, 126 Ky. 536, 104 S. W. 345, 13 L. R. A. (N. S.) 511; 2 Bishop's New Crim. Law, Sec. 370; Gen. Stats. of 1906, Sec. 3311.

The ownership of the proceeds from the sale of the horses might have been alleged with greater particularity, but we think it necessarily follows from the pleading as a whole, that the monies so arising were the property of Cawthon. The contract between the two is set forth, the ownership of the horses is laid in Cawthon, and it follows by compelling sequence, that the proceeds from the sale of these horses belonged to Cawthon. Nor do we find any ambiguity in ascertaining that the charge is for embezzling the proceeds arising from the sale of the horses and not for embezzling the horses themselves.

While we do not intend to incourage loose pleadings in criminal cases, we are also disinclined to lend too ready an ear to captious criticisms of indictments, or such as do not go to a failure to allege some essential element of the crime or tend to embarrass the defense.

Judgment affirmed.

SHACKLEFORD, C. J., AND TAYLOR, HOCKER AND WHITFIELD, J. J., concur.