JOSEPH DYKES, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

## Opinion Filed October 29, 1914.

Where an indictment was based on Section 3224 General Statutes of 1906, charging an assault with intent to rob, which by evident mistake alleged that the victim of the assault was not armed with a dangerous weapon, instead of alleging that the defendant was not armed with a dangerous weapon, the assault with intent to rob being otherwise properly alleged, a motion in arrest of judgment, after conviction, was properly overruled.

Writ of error to Circuit Court for Palm Beach County; James W. Perkins, Judge.

Judgment affirmed.

*Gordon R. Broome,* for Plaintiff in Error;

*T. F. West,* Attorney General, and *C. O. Andrews,* Assistant, for the State.

HOCKER, J.—On the 7th of April, 1914, the grand jury of Palm Beach County presented an indictment against Joseph Dykes which, after omitting the introductory part, contains the following allegation: "On the 13th day of November, in the year of our Lord One Thousand Nine Hundred and Thirteen, with force and arms at and in the County of Palm Peach aforesaid, did unlawfully and feloniously make an assault in and upon one R. C. McCuller, with intent the monies, goods and chattels of the said R. C. McCuller, from the person and against the will of him, the said R. C. McCuller, then, unlawfully, and feloniously and violently, to steal, take and carry away, the said R. C. McCuller, not being then and there armed with a dangerous weapon against," etc. On the trial of defendant on the same day the jury found him "guilty as charged in the indictment." He was sentenced to the State prison for a period of five years at hard labor, from which judg ment a writ of error was taken. After the verdict was rendered the defendant made a motion in arrest of judgment on two grounds, *viz*: First, because the indictment is vague, indefinite and uncertain, and does not charge the offense of assault with intent to rob the defendant, being at the time unarmed; second, the indictment charges no offense known to the laws of Florida. This motion was overruled, and the defendant excepted to this ruling. The evidence is not contained in the record.

Section 3223, General Statutes of 1906, defines and prescribes the punishment for the offense of assaulting and robbery, etc., from the person of another, such robber be-

ing armed with a dangerous weapon, etc., and prescribes the punishment at not exceeding twenty years' imprisonment in the State Prison. Section 3224 defines the offense of robbery, the robber not being armed, etc. Section 3230 prescribes the penalty for assaults with intent to commit felonies, etc. We think the prosecution in this case was based on said Section 3224, and the indictment evidently intended to allege the offense under that section. The gravamen of the attack made on the indictment grows out of the allegation that R. C. McMuller, who was the victim of the assault, was not "then and there armed with a dangerous weapon." This was undoubtedly a mistake of the pleader. To constitute an offense under Section 3224 of the General Statutes, it is not essential that the victim of the robbery should be unarmed. No attack before trial was made on the indictment by motion to quash or otherwise. After trial and conviction, it seems to us that a motion in arrest of judgment should not be granted. The omission of an allegation that the defendant was not armed when he made the assault to rob, is to his advantage, and he could have suffered no harm on the trial from the omission of the allegation. The indictment sufficiently charges an assault with intent to rob under said section. See Barber v. State, 52 Fla. 5, 42 South. Rep. 86, and Section 2893 Gen. Stats. of 1906.

The judgment is affirmed.

SHACKLEFORD, C. J., AND TAYLOR AND WHITFIELD, J. J., concur.

COCKRELL, J., absent by reason of illness in his family.