A. L. BARINEAU, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

## Opinion filed May 31, 1916.

1. Defects in indictments and informations should be called to the attention of the trial court by a motion to quash or a demurrer, so that the defects, if any, may be corrected by the filing of another indictment or information. Neither the common law nor our statutes favor the policy of the defendant in waiting until the last stage of the cause and attacking such defects by a motion in arrest of judgment, the granting of which would have the effect of unraveling the whole proceedings.

2. While the sufficiency of the allegations in an indictment to charge the offense may be tested by a motion in arrest of judgment, yet upon this motion the indictment should receive a liberal construction, and even an informal or imperfect allegation of an essential fact will be deemed a sufficient averment of that fact. A defective allegation not affecting the real merits, or a merely formal or clerical er-

ror, or an allegation of unnecessary matter not concerning the substance of the charge, would not be ground for arresting the judgment.

3. Where an indictment does not wholly fail to allege a crime or an essential element of a crime and sufficiently states the nature and cause of the accusation against the defendant, and is not so vague, indistinct and indefinite as to mislead the accused and embarrass him in the preparation of his defense, or expose him after conviction or acquittal to substantial danger of a new prosecution for the same offense, such indictment will not on a motion in arrest of judgment after verdict be held legally insufficient to sustain a conviction.

4. An allegation in an indictment for a second offense that the defendant heretofore on a stated day had "been duly tried and convicted" of the same offense, is sufficient to include a judgment of conviction.

Writ of Error to Circuit Court, Leon County; E. C. Love, Judge.

Judgment affirmed.

F. B. Winthrop and W. C. Hodges, for Plaintiff in Error;

T. F. West, Attorney General, and C. O. Andrews, Assistant, for the State.

PER CURIAM.—The indictment herein charges that the defendant on April 24th, 1915, "did unlawfully engage in and carry on the business of a dealer in liquors in said county of Leon, which said county had voted against the sale of liquors: He the said A. L. Barineau having heretofore, towit: on the 26th day of April, A. D. 1913, been duly tried and convicted in the court of

the county judge in and for said county of Leon, State of Florida, for unlawfully carrying on and engaging in the business of a dealer in liquors in said county of Leon, which said county had voted against the sale of said liquors, contrary" etc.

At the trial a verdict of guilty was rendered, a motion in arrest of judgment was overruled, and the defendant took writ of error to a judgment imposing a sentence of one year in the State prison. The contention here is that the court erred in overruling the motion in arrest of judgment. It is argued that "the indictment does not fully and specifically enough set forth the prior conviction which gave the Circuit Court jurisdiction of Barineau as a second offender."

Sections 1, 3 and 4 of Chapter 6179, Acts of 1911, provide:

"Whoever sells or causes to be sold any spirituous, vinous or malt liquors in any county or precinct which has voted against the sale of such liquors, under the provisions of Article XIX of the Constitution of the State of Florida, shall be guilty of a misdemeanor, and upon conviction thereof, shall be punished by a fine not exceeding $500.00, or by imprisonment not exceeding six months, or by both such fine and imprisonment as in the discretion of the court." Sec. 1.

"Whoever is convicted of selling or causing to be sold, any spirituous, vinous or malt liquors, in any county or precinct which has voted against the sale of such liquors, under the provisions of Article XIX of the Constitution of the State of Florida, or whenever any person or persons, firm or association is convicted of selling or causing to be sold, or keeping for sale any spirituous, vinous or malt liquors, without his paying the license required by law, having been before convicted of the like

offense, shall be deemed and adjudged to be a common liquor dealer, in violation of law, and shall be punished, upon conviction, by being fined not more than $3,000.00 or by imprisonment in the State prison not more than five years, or by both fine and imprisonment, in the discretion of the court."   Sec. 3.

"All offenses committed under Sections 1 and 2 of this Act shall be within the exclusive jurisdiction of the County Judge's Court, in counties where County Courts or Criminal Courts of Record have not been established. Nothing in this Act shall be construed to give to Justices of the Peace jurisdiction of offenses committed under Sections 1 and 2 of this Act."   Sec. 4.

By Section 3962 General Statutes of 1906, it is provided that:   "No indictment shall be quashed or judgment arrested or new trial be granted on account of any defect in the form of the indictment, or of misjoinder of offenses or for any cause whatsoever, unless the court shall be of the opinion that the indictment is so vague, indistinct and indefinite as to mislead the accused and embarrass him in the preparation of his defense or expose him after conviction or acquittal to substantial danger of a new prosecution for the same offense." Sec. 3962 Compiled Laws 1914.

"Defects in indictments and informations should be called to the attention of the trial court by a motion to quash or a demurrer, so that the defects, if any, may be corrected by the filing of another indictment or information.   Neither the common law nor our statutes favor the policy of the defendant in waiting until the last stage of the cause and attacking such defects by a motion in arrest of judgment, the granting of which would have the effect of unravelling the whole proceedings." · Barber v. State, 52 Fla. 5, 42 South. Rep. 86.

"While the sufficiency of the allegations in an indictment to charge the offense may be tested by a motion in arrest of judgment, yet upon this motion the indictment should receive a liberal construction, and even an informal or imperfect allegation of an essential fact will be deemed a sufficient averment of that fact. A defective allegation not affecting the real merits, or a merely formal or clerical error, or an allegation of unnecessary matter not concerning the substance of the charge, would not be ground for arresting the judgment." Sumter v. State, 62 Fla. 98, 57 South. Rep. 202.

Where an indictment does not wholly fail to allege a crime or an essential element of a crime and sufficiently states the nature and cause of the accusation against the defendant, and is not so vague, indistinct and indefinite as to mislead the accused and embarrass him in the preparation of his defense, or expose him after conviction or acquittal to substantial danger of a new prosecution for the same offense, such indictment will not on a motion in arrest of judgment after verdict be held legally insufficient to sustain a conviction.

The allegation that "he the said A. L. Barineau having heretofore, to-wit: on the 26th day of April, A. D. 1913, been duly tried and convicted in the court of the County Judge in and for said county of Leon, State of Florida, for unlawfully carrying on and engaging in the business of a dealer in liquors in said county" etc., considered in connection with the entire indictment, is sufficient to acquaint the defendant with the nature and cause of the accusation against him. As used the words "having * * * heretofore * * * been duly tried and convicted" include a judgment of conviction. See Notes 36 Ann. Cas. 283.

The statement that the defendant had "been duly

tried and convicted" etc., is a sufficient allegation of the statutory element of the offense that the defendant "had been before convicted," since such allegation is adequate to apprise the defendant of the charge of a second offense and is a sufficient basis for proper proof of a former conviction including the judgment imposing sentence on a verdict of guilt found. See Bishop v. State, 41 Fla. 522, 26 South. Rep. 703; Daughtrey v. State, 46 Fla. 109, 35 South. Rep. 397.

There is no suggestion that the defendant could have been misled or embarrassed in the preparation of his defense, and the indictment is after verdict not subject to a motion in arrest of judgment. Johnson v. State, 51 Fla. 44, 40 South. Rep. 678; Dykes v. State, 68 Fla. 110, 66 South. Rep. 565.

The judgment is affirmed.

TAYLOR, C. J., and SHACKLEFORD, COCKRELL, WHIT-FIELD and ELLIS, JJ., concur.