RUTH SMITH, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

Opinion Filed Dec. 12, 1916.

1. It is the declared policy of the Legislature, as well as of this court, to uphold indictments and informations whenever there has been a substantial compliance therein with the statutory requirements.

2. Defects in indictments and informations should be called to the attention of the trial court by a motion to quash or a demurrer, so that the defects, if any, may be corrected by the filing of another indictment or information. Neither the common law nor our statutes favor the policy of the defendant in waiting until the last stage of the cause and attacking such defects by a motion in arrest of judgment, the granting of which would have the effect of unraveling the whole proceedings.

3. While the sufficiency of the allegations in an indictment to charge the offense may be tested by a motion in arrest of

29

judgment, yet upon this motion the indictment should receive a liberal construction, and even an informal or imperfect allegation of an essential fact will be deemed a sufficient averment of that fact. A defective allegation not affecting the real merits, or a merely formal or clerical error, or an allegation of unnecessary matter not concerning the substance of the charge, would not be ground for arresting the judgment.

4   Where an indictment does not wholly fail to allege a crime or an essential element of a crime, and sufficiently states the nature and cause of the accusation against the defendant, and is not so vague, indistinct, and indefinite as to mislead the accused and embarrass him in the preparation of his defense, or expose him after conviction or acquittal to substantial danger of a new prosecution for the same offense, such indictment will not on a motion in arrest of judgment after verdict be held legally insufficient to sustain a conviction.

5.   An indictment that alleges that "Ruth Smith, late of the County of Duval and State of Florida, on the 21st day of February, in the year of our Lord one thousand nine hundred and sixteen, in the County and State aforesaid, feloniously, wilfully and of her malice aforethought, and from a premeditated design to effect the death of J. H. Goudy, in and upon the said J. H. Goudy did make an assault; and that the said Ruth Smith with a certain knife which she the said Ruth Smith then and there held in her hands feloniously, wilfully and of her malice aforethought and from a premeditated design to effect the death of the said J. H. Goudy the said Ruth Smith with the knife aforesaid did strike, cut, stab and wound, giving to the said J. H. Goudy then and there with the knife aforesaid in and upon the body of the said J. H. Goudy one mortal wound the length and breadth of which mortal wound is to the Grand Jury unknown, of which mortal wound the said J. H. Goudy died," sufficiently charges the crime of murder in the first degree against the said Ruth Smith and is not obnoxious to the criticism that it charges the defendant with having killed herself.

6.   Every presumption is in favor of the correctness of the rulings of the trial court, and the burden is cast upon the party

resorting to an appellate court to overcome this · presumption and make the errors in the rulings of which he complains clearly to appear.

7. An indictment will not be held fatally defective, especially upon a motion in arrest of judgment, because "it fails to charge that the deceased died within a year and a day after the infliction of the mortal wound." While the safer and better practice for the pleader in drafting the indictment would have been to have followed the approved form by alleging "of which mortal wound the said J. H. Goudy then and there died," the omission of the words "then and there" may not render the indictment fatally defective, upon a motion in arrest of judgment.

Writ of Error to Circuit Court, Duval County; Geo. Couper Gibbs, Judge.

Judgment affirmed.

*P. L. Gaskins, Frank Wideman* and *J. E. Yonge,* for Plaintiff in Error;

*T. F. West,* Attorney General, and *C. O. Andrews,* Assistant, for the State.

SHACKLEFORD, J.—The following indictment was returned against Ruth Smith:

"*In the Name and by the Authority of the State of Florida:*

"The Grand Jurors of the State of Florida, empaneled and sworn to enquire and true presentment make in and for the body of the County of Duval, upon their oath do present that Ruth Smith, late of the County of Duval and State of Florida, on the 21st day of February, in the year of our Lord one thousand nine hundred and

sixteen, in the County and State aforesaid, feloniously, wilfully and of her malice aforethought, and from a premeditated design to effect the death of J. H. Goudy, in and upon the said J. H. Goudy did make an assault; and that the said Ruth Smith with a certain knife which she the said Ruth Smith then and there held in her hands feloniously, wilfully and of her malice aforethought and from a premeditated design to effect the death of the said J. H. Goudy the said Ruth Smith with the knife aforesaid did strike, cut, stab and wound, giving to the said J. H. Goudy then and there with the knife aforesaid in and upon the body of the said J. H. Goudy one mortal wound the length and breadth of which mortal wound is to the Grand Jury unknown, of which mortal wound the said J. H. Goudy died and so the Grand Jurors aforesaid do say that the said Ruth Smith in manner and form aforesaid feloniously, wilfully, and of her malice aforethought, and from a premeditated design to effect the death of the said J. H. Goudy the said J. H. Goudy did kill and murder contrary to the form of the statute in such cases made and provided and against the peace and dignity of the State of Florida.

"Frank L. Dancy,

"State Attorney for the Fourth Judicial Circuit of Florida, prosecuting for said State."

The defendant pleaded not guilty and was tried before a jury and convicted of the crime of manslaughter. Whereupon the defendant filed the following motion in arrest of judgment:

"And now, after verdict against said defendant, Ruth Smith, in the above entitled cause, and before sentence, comes the said Ruth Smith by her attorneys, P. L. Gaskins, Frank Wideman and J. E. Yonge, and moves the court here to arrest judgment herein and not to pro-

nounce the same, because of manifest errors in the record appearing as follows, to-wit:

"1.   That the indictment, upon which the verdict herein has been rendered, states or alleges no crime under the laws of the State of Florida.

"2.   That the indictment, upon which the verdict herein has been rendered, does not charge the defendant herein with the commission of any crime or the violation of any law or of any unlawful act under the statutes or laws of the State of Florida.

"3.   That the indictment, upon which the verdict herein has been rendered, does not allege that the defendant struck, cut, stabbed or wounded the deceased named in said indictment.

"4.   That the indictment, upon which the verdict herein has been rendered, alleges and shows on its face that the defendant struck, cut, stabbed and wounded herself, the said defendant, and not the deceased person named in said indictment.

"5.   That the indictment, upon which the verdict herein has been rendered, fails to allege that the deceased person named in said indictment died in the County of Duval, State of Florida.

"6.   That the indictment, upon which the verdict herein has been rendered, failed to allege the place where the deceased person, J. H. Goudy, died.

"7.   That the indictment, upon which the verdict herein has been rendered, fails to allege the time when the deceased person, J. H. Goudy, died.

"8.   That the indictment, upon which the verdict herein has been rendered, fails to allege that the deceased person, J. H. Goudy, died within the period of one year and one day next after the infliction by the defendant up-

on the said deceased person of the mortal wound described and referred to in said indictment.

"9.    That there are other manifest errors apparent of record in the indictment upon which the verdict herein has been rendered.

"10.    That there are many other manifest errors in the record in this cause on account of which no judgment against the said defendant can be lawfully rendered herein."

This motion was overruled, upon which ruling is based the sole assignment of error argued before us. There is no bill of exceptions incorporated in the transcript and the evidence adduced at the trial is not before us.    It is contended by the defendant that the indictment is fatally defective in two particulars, which are stated in the brief as follows:

"*First*:    That, the indictment is drawn so as to charge that the defendant struck and cut herself:    *Second*: That, the indictment fails to charge that the deceased died within a year and a day after infliction of the mortal wound."

Before taking up for consideration either of these points we would call attention to the repeated holding of this court:    "It is the declared policy of the Legislature, as well as of this court, to uphold indictments and informations whenever there has been a substantial compliance therein with the statutory requirements."    Barrentine v. State, 72 Fla.    , 72 South. Rep. 280, where prior decisions of this court are cited.    In this cited case we were dealing with a motion to quash the indictment. In Barineau v. State, 71 Fla. 598, 72 South. Rep. 179, in which we were discussing a motion in arrest of judgment, following former decisions, we held:

"Defects in indictments and informations should be

called to the attention of the trial court by a motion to quash or a demurrer, so that the defects, if any, may be corrected by the filing of another indictment or information. Neither the common law nor our statutes favor the policy of the defendant in waiting until the last stage of the cause and attacking such defects by a motion in arrest of judgment, the granting of which would have the effect of unraveling the whole proceedings.

"While the sufficiency of the allegations in an indictment to charge the offense may be tested by a motion in arrest of judgment, yet upon this motion the indictment should receive a liberal construction, and even an informal or imperfect allegation of an essential fact will be deemed a sufficient averment of the fact. A defective allegation not affecting the real merits, or a merely formal or clerical error, or an allegation of unnecessary matter not concerning the substance of the charge, would not be ground for arresting the judgment.

"Where an indictment does not wholly fail to allege a crime or an essential element of a crime, and sufficiently states the nature and cause of the accusation against the defendant, and is not so vague, indistinct, and indefinite as to mislead the accused and embarrass him in the preparation of his defense, or expose him after conviction or acquittal to substantial danger of a new prosecution for the same offense, such indictment will not on a motion in arrest of judgment after verdict be held legally insufficient to sustain a conviction." To the like effect is Adams v. State,     Fla.    , 72 South. Rep. 473. We would also refer to Mills v. State, 58 Fla. 74, 51 South. Rep. 278; Edwards v. State, 62 Fla. 40, 56 South. Rep. 401; Sumpter v. State, 62 Fla. 98, 57 South. Rep. 202; Vicente v. State, 66 Fla. 197, 63 South. Rep. 423; Pennel v. State, 66 Fla. 203, 63 South.

Rep. 422; Dykes v. State, 68 Fla. 110, 66 South. Rep. 565; Robinson v. State, 69 Fla. 521, 68 South. Rep. 649, L. R. A. 1915 E 1215. The case of Cooper v. State, 47 Fla. 21, 36 South. Rep. 53, and Ewert v. State, 48 Fla. 36, 37 South. Rep. 334, are especially in point, as it was contended in each of such cases that the indictment therein charged that the defendant killed himself, and we held that such contention was not well founded. The reasoning in these two cited cases applies with like force in the instant case. Reading and construing the indictment as an entirety, as we must do, we must hold that it is not obnoxious to the criticism that it charges the defendant with having killed herself.

We now direct our attention to the other contention of the defendant that the indictment is fatally defective in that it "fails to charge that the deceased died within a year and a day after infliction of the mortal wound." In treating this point we should keep in mind the principles announced by this court in the cases which we have already cited. We would also call attention to another principle which we have repeatedly announced, that every presumption is in favor of the correctness of the rulings of the trial court, and the burden is cast upon the party resorting to an appellate court to overcome this presumption and make the errors in the rulings of which he complains clearly to appear. See Lewis v. State, 55 Fla. 54, 45 South. Rep. 998; Clements v. State, 51 Fla. 6, 40 South. Rep. 432; Barber v. State, 52 Fla. 5, 42 South. Rep. 86. As we said in Pennel v. State, 66 Fla. 203, 63 South. Rep. 422, "While we do not intend to encourage loose pleadings in criminal cases, we are also disinclined to lend too ready an ear to captious criticisms of indictments, or such as do not go to a failure to allege some essential element of the crime or tend to embarrass

the defense." As we also said in Vicente v. State, 66 Fla. 197, 63 South. Rep. 423, "Defects that do not render an indictment or information fatally defective should be pointed out in a motion to quash so that any adjudged defect may be duly remedied, rather than in a motion in arrest of judgment after conviction." In the instant case the defendant did not see fit to attack the indictment either by a motion to quash or demurrer, as she might have done, but filed her plea of not guilty and proceeded to a trial upon the merits and after an adverse verdict filed a motion in arrest of judgment. Undoubtedly it would have been the safer and better practice for the pleader in drafting the indictment to have followed the approved form by alleging "of which mortal wound the said J. H. Goudy then and there died," but is the omission of the words "then and there" fatal upon a motion in arrest of judgment? This is the point which we are called upon to determine. In Roberson v. State, 42 Fla. 212, 28 South. Rep. 427, wherein an assault was made upon the indictment by a motion to quash on account of the failure to allege where the death occurred, we upheld the indictment, stating that "The American decisions are in conflict on the point, an apparent majority in number sustaining an indictment without an allegation as to the place of death." See the discussion in the concurring opinion by Mr. Justice CARTER. In Mathis v. State, 45 Fla. 46, 34 South. Rep. 287, in passing upon an assignment based upon the overruling the motion in arrest of judgment, one of the grounds of which was that the indictment was defective in failing to allege where the deceased died, we followed Roberson v. State, *supra,* holding that "It was not necessary to state therein the place where the deceased died." But it is further urged that the indictment in the instant case is defective for failing to allege

when the deceased died, so as to show that the death occurred within a year and a day after the infliction of the fatal injury. Upon this point there is also a division of the authorities, but we are of the opinion that the better doctrine is to the effect that failure to allege that the death took place within a year and a day cannot be taken advantage of on a motion in arrest of judgment after conviction, the defendant having failed to attack the indictment by a motion to quash or demurrer. See Wharton on Homicide (3rd ed.) page 842, and the authorities cited in the notes. Brassfield v. State, 55 Ark. 556, 18 S. W. Rep. 1040, is especially instructive, from which we take the following excerpt: "In this case the indictment alleges that the fatal blow was struck October 25, 1890, and that death ensued therefrom, but there is no allegation of the date of the death. The demurrer to the indictment and the motion in arrest of judgment were both filed and acted upon within a year and a day of the time when the fatal blow is alleged to have been given, and the indictment charges that death had ensued therefrom before it was returned by the grand jury. To rule that it did not appear from the indictment that death had occurred within a year and a day from the alleged date of the fatal blow would be to hold that the court must divest itself of the knowledge of the day of the year in which it sat, and of which it was required to take judicial knowledge in order that the term of court might be held at the time fixed by law. That would be carrying the strictness of the rules of pleading to an unnecessary length."

In the instant case the indictment charged that the fatal blow was inflicted by the defendant upon the deceased upon the 21st day of February, 1916. The indictment was presented on the 20th day of May, 1916, the trial was begun on the 17th day of June, 1916, and the

verdict was returned by the jury on the following day, of all of which the trial judge was cognizant. Further discussion would seem to be unnecessary. The assignment must be held not to have been sustained. We would add that with commendable zeal and industry the counsel for the defendant have collected and cited to us many authorities from other jurisdictions, a number of which we have examined, but we are bound by our own decisions, which, we think, are adverse to the contention of the defendant.

Judgment affirmed.

TAYLOR, C. J., and COCKRELL, WHITFIELD and ELLIS, JJ., concur.