H. FRED SMITH, *Plaintiff in Error*, v. THE STATE OF FLOR-
IDA, *Defendant in Error*.

## Opinion Filed July 2, 1917.

1. In criminal prosecutions, while a wide latitude should be allowed to the respective counsel in their argument to the jury, no counsel should be permitted to constitute himself an unsworn witness in his argument and to state, as facts, matters of which there is no testimony.

2. The fact that an agent is entitled to retain as his compensation a certain percentage of a fund collected for his principal does not, in case he refuses to pay over any of the fund, but uses it all for his own benefit, take the act out of the operation of a statute providing punishment for an agent who shall convert to his own use money of his principal which has come into his possession.

3. In passing upon a single instruction or charge it should be considered in connection with all the other instructions and charges bearing on the same subject, and if, when thus considered, the law appears to have been fairly presented to the jury, an assignment based upon the giving of such instruction or charge must fail.

4. Even though some of the language used in portions of the general charge and instructions of which complaint is made was not so happily chosen as might have been, an appellate court cannot be expected to apply the principles of absolute precision and technical nicety in construing the same. It is sufficient to determine that no reversible error has been made to appear therein.

5. A judgment of conviction will not be reversed on writ of error even if technical errors were committed in rulings on the admissibility of evidence or in charges given or refused or in other matters of procedure, where the evidence of guilt is clear and ample and no fundamental rights of the defend-

ants were violated, and it appears from the whole record that such technical errors, if any, were not prejudicial to the defendants.

6.  Where an erroneous sentence is imposed the judgment may be reversed for a proper sentence.

Writ of Error to Circuit Court for Hamilton County, M. F. Horne, Judge.

Judgment reversed.

*C. D. Blackwell* and *I. J. McCall*, for Plaintiff in Error;

*T. F. West*, Attorney General, and *C. O. Andrews*, Assistant, for the State.

SHACKLEFORD, J.—H. Fred Smith seeks relief here from a conviction of the crime of embezzlement. The indictment contains two counts, but, as the defendant was convicted under the first count, it becomes unnecessary to consider the second count.   In substance, the first count charges that the defendant as the agent of one L. M. Hamilton received and had in his possession and custody a certain check, which is described, the property of Hamilton, of the value of $66.70, which the defendant unlawfully converted to his own use.

The assignment which is first presented to us is the second, which is as follows: "The court erred in sustaining objection to the argument of counsel for defense and holding that he was not in the record."

The evidence adduced had established that the defendant was an attorney at law and as such attorney had been employed by Hamilton to collect for him a claim

against the Florida Operating Company for wages due Hamilton from such company to the amount of $111.00. The portion of the bill of exceptions which furnishes the basis for this assignment is as follows: "While Mr. McCall was making his argument to the jury for and on behalf of the defense the following occurred; and was said: By Mr. McCall, addressing the jury: 'I was representing Mr. Smith and appeared for him before the court.' By State Attorney: 'I object to Mr. McCall testifying and making an argument outside of the record.' By the Court: 'Stay in the record Mr. McCall.' By Mr. McCall: 'Does the court hold that I am out of the record?' By the Court: 'Yes, sir.' To which ruling of the court the defendant by his counsel did then and there except and exception was duly noted."

The defendant in his own behalf had testified to the effect that Mr. McCall appeared in the court at Jacksonville in the matter of this claim, and he and the defendant "worked in conjunction," but Mr. McCall did not take the witness stand. We are of the opinion that no error is made to appear here. As was said by Mr. Justice STONE in Hobbs v. State, 74 Ala. 39, text 41, "We have no wish to shackle discussion, or to scrutinize, narrowly and critically, inferences counsel may draw from proper facts. Trial courts would be treading on dangerous ground were they to exercise a very severe censorship over the line of argument counsel may pursue. They must not allow them to constitute themselves unsworn witnesses, and to state, *as facts,* matters of which there is no testimony." Also see Cross v. State, 68 Ala. 476; Mitchell v. State, 114 Ala. 1, 22 South. Rep. 71; Lide v. State, 133 Ala. 43, 31 South. Rep. 953; Neilson v. State, 146 Ala. 683, 40 South. Rep. 221. We would also refer to 1 Bishop's New Criminal Procedure, Sec. 975a, and 1

Thompson's Trials (2nd ed.) Sec. 763. Our own discus-
sion in the following cases will also prove instructive:
Mitchell v. State, 43 Fla. 584, 31 South. Rep. 242; Syl-
vester v. State, 46 Fla. 166, 35 South. Rep. 142; Wilson
v. State, 47 Fla. 118, 36 South. Rep. 580.

The third assignment is based upon the overruling of
the motion for a new trial. We shall consider only such
grounds thereof as are argued before us, treating the
other grounds as having been abandoned. Thomas v.
State, 73 Fla. 115, 74 South. Rep. 1. It is contended that
the evidence adduced is insufficient to support the ver-
dict rendered. To this contention we cannot agree. The
evidence indisputably establishes that the defendant as
the agent of the prosecuting witness received the check
described in the first count of the indictment and ap-
propriated the amount thereof to his own use. In tes-
tifying in his own behalf he seeks to justify himself in so
doing on the ground that the expenses incurred by him
in collecting the claim and his fee as an attorney for ser-
vices rendered entitled him to the entire amount col-
lected. This is untenable. See Commonwealth v. Jacobs,
126 Ky. 536, 104 S. W. Rep. 345, 13 L. R. A. (N. S.) 511,
15 Ann. Cas. 1226, wherein it was held: "The fact that
an agent is entitled to retain as his compensation a cer-
tain percentage of a fund collected for his principal does
not, in case he refuses to pay over any of the fund, but
uses it all for his own benefit, take the act out of the
operation of a statute providing punishment for an agent
who shall convert to his own use money of his principal
which has come into his possession." We cited this case
with approval and followed the holding therein in Pen-
uel v. State, 66 Fla. 203, 63 South. Rep. 422. Many other
authorities to the same effect will be found collected to
the notes appended to the case in 13 L. R. A. (N. S.) 511

and 15 Ann. Cas. 1226. Without further discussion of the evidence, we have no hesitancy in stating that we are of the opinion that the evidence is amply sufficient to sustain the verdict.

Another ground of the motion for a new trial is that the trial court erred in charging the jury as follows: "I charge you that the burden of proof is upon the State to prove every material allegation of the indictment to the satisfaction of the jury trying the case beyond a reasonable doubt with the exception of time and place; that is the time of the alleged commission of the offense and the place of the alleged commission of the offense. Either or both of these may be proven by a fair preponderance of the evidence, and if the jury be affirmatively satisfied by a fair preponderance of the evidence as to the time or as to the place alleged—as to the time and place of the commission of the crime—that would be sufficient predicate for a verdict of guilty as to those questions."

It is contended that this portion of the general charge is erroneous in that it instructs the jury that it is not necessary that both the time and place of the commission of the offense was proven by a fair preponderance of the evidence, but that if either the time or place is so established it is sufficient. It is sufficient to say that this paragraph of the charge, read in connection with the entire charge is not susceptible of this construction which the defendant places upon it. As we have repeatedly ruled, "In passing upon a single instruction or charge it should be considered in connection with all other instructions and charges bearing on the same subject, and if, when thus considered, the law appears to have been fairly presented to the jury, an assignment based upon the giving of such instruction or charge must fail." Johnson v. State, 55 Fla. 41, 46 South. Rep. 174.

As we also held in Wood Lumber Co. v. Gipson, 63 Fla. 316, 58 South. Rep. 364, "Even though some of the language used in portions of the general charge and instructions of which complaint is made was not so happily chosen as might have been, an appellate court cannot be expected to apply the principles of absolute precision and technical nicety in construing the same. It is sufficient to determine that no reversible error has been made to appear therein."

The defendant requested two instructions and that, instead of noting separately the refusal of each one and an exception to such rulings, in accordance with the provisions of Sections 1498 and 1499 of the General Statutes of 1906, Compiled Laws of 1914, the trial court simply wrote at the bottom of these two requested instructions, "Refused. Exception noted," dated and signed the same. This forms the basis for several grounds of the motion for a new trial, which are argued together. Undoubtedly the safer and better practice would have been to comply strictly with the stautory provisions, but as the defendant states in his brief that "We make no point on the merits of the charges as requested; they may or may not present sound propositions of law," and as an inspection of the two requested instructions shows that each one is defective, we must hold that no error was committed in overruling the motion on these grounds. As we held in Kersey v. State, 73 Fla. 832, 74 South. Rep. 983, "A judgment of conviction will not be reversed on writ of error even if technical errors were committed in rulings on the admissibility of evidence or in charges given or refused in other matters of procedure, where the evidence of guilt is clear and ample and no fundamental rights of the defendants were violated, and it appears from the

whole record that such technical errors, if any, were not prejudicial to the defendants."

The sentence is that the defendant pay a fine of $350 and the costs of the prosecution, and upon his failure to so do that he be confined at hard labor in the State prison for a period of three years. This is not the proper sentence. Section 4011 of the General Statutes of 1906, Compiled Laws of 1914, is as follows: "Whenever any court or judge shall, under the criminal laws of this State, sentence and adjudge a person to pay a fine, or a fine and costs of prosecution, such court or judge shall also provide in such a sentence a period of time for which such person shall be imprisoned in the county jail in default of payment of the same." See Thompson v. State, 52 Fla. 113, 41 South. Rep. 899; Taylor v. State, 67 Fla. 127, 64 South. Rep. 454; Douglass v. State, 53 Fla. 27, 43 South. Rep. 424; Smith v. State, 71 Fla. 639, 71 South. Rep. 915.

The judgment must be reversed and the case remanded for a proper sentence.

BROWNE, C. J., and TAYLOR and ELLIS, J. J., concur.

WHITFIELD, J., absent on account of sickness.