SIMON C. GREEN, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

## Opinion Filed August 15, 1918.

1. The information alleges that the accused falsely represented to Florence Gaskin that he had money in a bank and that because of that representation she gave him a note and mortgage on certain real estate belonging to her. The information contains no allegation that the accused offered or promised to give her any of the money in the bank or that he offered to give her a check; or that she was deceived, nor is there anything in the information to show that she was deceived. There is no allegation that but for the false representation she would not have parted with the note and mortgage, or that she was induced by any false pretenses of the accused to give him the note and mortgage. *Held*, that these are essential elements of the offense which must be made to appear in the information, and cannot be left to inference or conjecture, and can be reached by motion in arrest of judgment.

2. In a prosecution for obtaining property under false pretenses, the information must show a material relation be-

tween the alleged false statement by the defendant and
the delivery to him of the property he is charged with hav-
ing obtained, or must show by its allegations how and why
the false statement induced the person to part with prop-
erty of value.

Writ of Error to Criminal Court for Dade County;
James T. Sanders, Judge.

Judgment reversed.

*Penney & Penney,* for Plaintiff in Error;

*Van C. Swearingen,* Attorney General, and *C. O. An-
drews,* Assistant, for the State.

BROWNE, C. J.—A verdict of guilty was had on the first
count in an information charging that the defendant did
"unlawfully, feloniously and designedly falsely pretend
to one Florence Gaskin that he, the said Simon C. Green,
had on deposit with the Miami Bank & Trust Company
fifteen hundred dollars by reason of which said false pre-
tense the said Florence Gaskin gave to the said Simon
C. Green a certain note and mortgage on certain land lo-
cated in Miami, Dade County, Florida, a more particular
decription of which said note and mortgage is to the
County Solicitor unknown of the value of fifteen hun-
dred dollars of the property, goods and chattels of the
said Florence Gaskin, and the said Simon C. Green did
unlawfully obtain from the said Florence Gaskin the
said note and mortgage of the value of fifteen hundred
dollars, with intent to then and there to defraud her, the
said Florence Gaskin, of the same, whereas in truth and
in fact the said Simon C. Green did not then and there

have fifteen hundred dollars on deposit in the Miami Bank & Trust Co."

A motion in arrest of judgment was made on the following grounds:

"1st. Because it appears from the inspection of the record that the defendant was convicted on the first count of the information, which said first count is contrary to the statute in that the information does not allege that the prosecuting witness, Florence Gaskin, was induced to part with a note and mortgage in question on the strength of the false pretenses alleged to have been made by the defendant to her.

"2nd. Because the said count does not allege that the mortgage given to secure the payment of the note in question covered land belonging to or was the property of the said Florence Gaskin at the time of the execution of the alleged mortgage.

"3rd. Because the information does not allege that the defendant promised anything to the said Florence Gaskin."

Sentence was imposed and defendant took writ of error, contending here that the motion in arrest should have been granted.

In substance the information charges that the plaintiff in error falsely told Florence Gaskin that he had $1500.00 in the Miami Bank & Trust Company; that by reason of that statement Florence Gaskin gave Green a note and mortgage worth $1500.00 on certain property; that Green obtained the note and mortgage with intent to defraud her of it; and that in truth Green did not have $1500.00 on deposit in the Miami Bank & Trust Company.

There is no statement that he promised to give her any money or a check, or that he gave her a bad check

on the bank. The mere allegation that he falsely represented that he had money in the bank, and because of that representation, she gave him the note and mortgage, is insufficient. There is no causal relation between these two allegations. There is no allegation that she was deceived, nor is there anything stated in the information to show she was deceived. There is no allegation that, but for his false representation she would not have given the note and mortgage, or that she was induced by any false pretense of the plaintiff in error to give him the note and mortgage. There are essential elements of the offence, which must be made to appear in the information and cannot be left to inference or conjecture.

As the count upon which the plaintiff in error was convicted fails to allege all the essential elements of the offence charged, the court erred in denying the motion in arrest of judgment.

The judgment is reversed.

TAYLOR AND ELLIS, J. J., concur.

WHITFIELD AND WEST, J. J., dissent.

ELLIS, J., *concurring.*—I concur in the conclusion reached because the indictment does not show any natural relation between the alleged false statement by the defendant and the delivery to him of the note and mortgage by the prosecutor. When no such natural relation exists the indictment should by its allegation show just why and how a false statement by one induced another to part with property of value. To hold otherwise is to violate every constitutional right of the defendant, every principle of pleading relating to the subject and every

consideration of justice. The principles that what is material to be proved must also be alleged; that there must be allegata as well as probata; that one charged with crime is entitled to be informed of the nature and cause of the accusation against him become a meaningless jargon of words, the courts become instruments of oppression instead of justice, tools in the hands of the powerful to oppress the weak, the poor, the unfortunate. When principle is ignored justice becomes a fugitive and wicked oppression assumes the ermine to further the interests of the rich and powerful at the expense of the people's government.

WHITFIELD, J., *dissenting.*—The statute provides that "Whoever designedly by a false pretense  *   *   *  and with intent to defraud, obtains from another any property  *   *   *  shall be punished," etc. Sec. 3319, Gen. Stats., 1906, Compiled Laws, 1914.

Sections 3961 and 3862, General Statutes, 1906, are as follows:

"3961. Every indictment shall be deemed and adjudged good which charges the crime substantially in the language of the statute prohibiting the crime or prescribing the punishment, if any such there be, or if at common law, so plainly that the nature of the offence charged may be easily understood by the jury.

"3962. No indictment shall be quashed or judgment arrested or new trial be granted on account of any defect in the form of the indictment, or of misjoinder of offences or for any cause whatsoever, unless the court shall be of the opinion that the indictment is so vague, indistinct and indefinite as to mislead the accused and embarrass him in the preparation of his defence or ex-

pose him after conviction or acquittal to substantial danger of a new prosecution for the same offence."

Defects in indictments and informations should be called to the attention of the trial court by a motion to quash or a demurrer, so that the defects, if any, may be corrected by the filing of another indictment or information. Neither the common law nor our statutes favor the policy of the defendant in waiting until the last stage of the cause and attacking such defects by a motion in arrest of judgment, the granting of which would have the effect of unraveling the whole proceedings.

While the sufficiency of the allegations in an indictment to charge the offence may be tested by a motion in arrest of judgment, yet upon this motion the indictment should receive a liberal construction, and even an informal or imperfect allegation of an essential fact will be deemed a sufficient averment of that fact.

Where an indictment does not wholly fail to allege a crime or an essential element of a crime and sufficiently states the nature and cause of the accusation against the defendant, and is not so vague, indistinct and indefinite as to mislead the accused and embarrass him in the preparation of his defence, or expose him after conviction or acquittal to substantial danger of a new prosecution for the same offence, such indictment will not on a motion in arrest of judgment after verdict be held legally insufficient to sustain a conviction. Barineau v. State, 71 Fla. 598, 72 South. Rep. 179.

The allegations of the information by necessary intendment and meaning state the statutory elements of the offence, viz: that defendant designedly by a false pretense and with intent to defraud, did obtain from F. G. stated property and also necessarily imply that the party was deceived by the false pretense alleged; and such alle-

gations should under the statute be regarded as sufficient as against a motion in arrest of judgment.

In Pruitt v. State, filed here March 19, 1918, the sufficiency of the indictments was tested by a motion to quash. The doctrine announced in the Pruitt and preceding cases that "an indictment charging the defendant with obtaining money under false pretenses should directly and clearly allege that the person from whom the money or other thing of value was received was deceived by the false pretense or false token" should not be extended.

WEST, J., *dissenting.*—I cannot concur in this opinion.

The settled rule is that "a motion in arrest of judgment reaches only such errors as appear upon the record and when addressed to the indictment or information is effective only when they wholly fail to charge any offence, or their allegations are so vague and uncertain as to embarrass the defendant in the preparation of his defence or expose him after acquittal or conviction to substantial danger of another prosecution for the same offence. Clifton v. State, decided at present term; Smith v. State, 75 Fla. 468, 78 South. Rep. 538; Smith v. State, 72 Fla. 449, 73 South. Rep. 354; Adams v. State, 72 Fla. 32, 72 South. Rep. 473; Barineau v. State, 71 Fla. 598, 72 South. Rep. 179; Mills v. State, 52 Fla. 74, 51 South. Rep. 278; Barber v. State, 52 Fla. 5, 42 South. Rep. 86.

Tested by this rule, and giving effect to the statutes quoted in the dissenting opinion of Mr. Justice WHITFIELD, the indictment in this case is, in my opinion, sufficient in its allegations to withstand the attack made upon it in the form of a motion in arrest of judgment.

In the case of Barber v. State, *supra,* after quoting the

statutes above referred to and citing former decisions on the subject the court said: "An examination of these cited cases discloses that it is the policy of this court, as it evidently was of the Legislature, to uphold indictments and informations wherever there has been a substantial compliance with law. The alleged defect in the indictment in the instant case was not called to the attention of the trial court by a motion to quash, when another indictment might have been found, but the defendant saw fit to wait until the last stage of the cause, when he filed his motion in arrest of judgment, the granting of which would have been 'to unravel the whole proceedings.' This was not favored at common law. 3 Blackstone's Com. 394; 2 Ency. of Pl. & Pr. 796. This court has also expressed its disapproval of such a course. See Johnson v. State, *supra*, and authorities therein cited. Indeed, by reason of our statutes, which have been set forth in full above, we could not do otherwise."

That the information in this case is defective is conceded. It, no doubt, would have been held so upon a motion to quash. But, as we have seen, a different rule applies where defects are called to the court's attention after a trial of the case by a motion to arrest the judgment.