CHARLES RANDALL, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error.*

Opinion Filed October 28, 1921.

1. An indictment charging the accused with issuing a check upon a bank without having sufficient funds on deposit in such bank to pay the check, and having failed, within the time allowed after receipt of written notice of non-payment of such check, to make restitution by returning the property received therefor, which contains no allegation that the title or possession of the property given for the check was transferred upon the faith of the payment of the check, is fatally defective and a motion to quash such indictment should be granted.

2. An indictment for an offense prescribed and defined by statute which omits to allege essential elements of the offense is defective and should be quashed upon motion specifically pointing out such defect.

A Writ of Error to the Circuit Court for Palm Beach County; E. C. Davis, Judge.

Reversed.

*C. D. Abbott,* for Plaintiff in Error;

*Rivers H. Buford,* Attorney General, and *Marvin C. McIntosh,* Assistant, for the State.

WEST, J.—The accused was indicted in the Circuit Court of Palm Beach County charged with having committed the crime denounced by Chapter 7263, Acts of 1917, Laws of Florida (Secs. 5706 and 5707 Rev. Gen. Stats. of Florida, 1920), namely, issuing a check upon a bank without having sufficient funds on deposit with such bank to pay the check and having failed, within the time allowed after receipt of written notice of non-payment of such check, to make restitution by returning the property received therefor. Upon a trial he was found guilty as charged. To the judgment imposing sentence writ of error was taken from this court.

One of the assignments of error is that the court erred in overruling a motion of defendant to quash the indictment. This motion contains several grounds, among them, that the indictment fails to charge any offense against the laws of the State of Florida, and, that the indictment fails to charge an offense under the statute recited in that it fails to allege that the possession of the property received in consideration for the check given was transferred to defendant upon the faith of the payment of the check.

One of the essential elements of the crime denounced by this statute is that the title or possession of the property

received for the check shall have been transferred upon the faith of the payment of the check. The indictment contains no such allegation. The offense is statutory, and in the absence of this element a crime was not committed. An indictment therefore which wholly fails to contain an allegation of this ingredient is insufficient and charges no offense under the statute. Ladd v. State, 17 Fla. 215; Humphreys v. State, 17 Fla. 381; Steven v. State 18 Fla. 903; Cook v. State, 25 Fla. 698, 6 South. Rep. 451; Hamilton v. State, 30 Fla. 229, 11 South. Rep. 523; Moulie v. State, 37 Fla. 321, 20 South. Rep. 554; Anderson *et al.* v. State, 38 Fla. 3, 20 South. Rep. 765; Davis v. State, 51 Fla. 37, 40 South. Rep. 179; Vicente *et al.* v. State, 66 Fla. 197, 63 South. Rep. 423. There was error in denying the motion to quash, for which the judgment will be reversed with directions to grant the motion to quash the indictment.

Reversed.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND ELLIS, J. J., concur.