PIERCE, Judge.
This is an appeal from judgments of conviction entered against appellant Thomas Jefferson Mathews by the Highlands County Circuit Court upon consolidated trial resulting in verdicts of guilty upon two informations, one charging unlawful possession of burglarious tools and the other of breaking and entering with intent to commit a misdemeanor.
*432 Defendant Mathews was represented by privately employed counsel at the trial, and subsequently by the local Public Defender appointed by the Court.
The sole point urged here for reversal is the propriety of the charge given by the Court as to the criminal adaptability or usability of the tools involved.
The Court, in its instructions to the jury, included the following charge:
“The State must prove, not that these are used in burglary, but that they are usable for burglary purposes and burglary purposes alone. The circumstances under which tools may be used or are used may determine larceny. It is possible to take a screwdriver, and practically everybody has one, and use it to break in as if with a sledge hammer. And if and when it is so used it is a burglary tool.
In addition to the adaptability of the tools, there must be circumstances indicating what use was made or intended to be made of them. The State does not have to prove that tools which are usable for burglary tools are not usable for any other purpose.” (Emphasis supplied).
Defendant Mathews contends that under the first italicized portion of the charge aforesaid he could not have been properly convicted because the tools in question could not only have been used by a burglar but also were common tools of the type ordinarily used by mechanics and carpenters.
But in making such contention defendant ignores another portion of the stated charge, namely, the second italicized portion aforesaid. Considered as a whole, it is obvious that the second italicized portion completely neutralized, and if there was any inconsistency, effectually modified, the first italicized portion. So that if there could have possibly been any misleading effect from the first portion of the quoted charge, it was effectually cured immediately thereafter.
An appellate court will not apply to the charges of the trial Judge the principle of absolute precision and technical nicety in considering them, and the inapt wording of a charge, when not prejudicial, furnishes no ground for relief. Smith v. State, 1917, 74 Fla. 44, 76 So. 334.
Error cannot be predicated on a single clause of an instruction, if when read as a whole the charge states the law applicable to the case correctly. Van Eaton v. State, Fla.1967, 205 So.2d 298; Driver v. State, Fla.1950, 46 So.2d 718; Ward v. State, 1906, 51 Fla. 133, 40 So. 177.
In determining the correctness of instructions, they should be considered as a whole; and if, as a whole, they are free from error, an assignment predicated on isolated paragraphs or portions, which, standing alone, might be misleading, must fail. Haddock v. State, 1940, 141 Fla. 132, 192 So. 802; Olive v. State, Fla.1938, 179 So. 811.
Also, a conviction will not be reversed for a technical error in the charges given, where the evidence of guilt is clear. Settles v. State, 1918, 75 Fla. 296, 78 So. 287. Sebring police officers Haygood and Lamar on October 14, 1967, at about 8:20 P.M., on a routine door check, discovered a rear window broken into and saw that the safe, some six feet tall, had been “pried open about five inches from the top tapering down to the center”. The officers entered the building, which was dark, found no one in the room where the safe was located, but upon entering a second room, “I shined my flashlight around and saw a man standing there * * * When I first saw him all I saw was the gloved hand holding the crow bar. I just said drop it and come out with your hands up * * * I had my pistol * * * drawn * * * aimed * * * at the door. The door opened slowly and he did drop the crow bar which he had in his hand and came *433 out.” The man was taken into custody and was later identified by the two officers as the defendant Mathews.
Mathews testified in his own behalf and gave forth with a story that, compared to the old dodge of “waiting for a street car”, probably went one better. He stated he was driving back at night from Miami to Tampa and “was tired and sleepy. So I got stopped, got out of the car to walk in the fresh air and get awake so I could finish driving on home. And I was walking down the street * * * and I heard this noise. I went to investigate. And when I got down there the door * * * was open. I walked inside. About the same time I walked inside I saw these Police Officers * * * I heard noises. I didn’t know who it was. So I went to hide and when they came on in then and nobody identified himself or said who they were and when I saw the Police Officers shine the light in my eyes I knew who it was. * * * The crow bar is probably what they heard. When I walked in I stumbled over something and it was on the desk. I knocked it on the floor”. As to the gloves he had on his hands when apprehended, he said “I had the gloves around the crowbar. One had fallen off on the floor and that’s when he picked it up. The other was wrapped around the crowbar”.
The jury had the right to believe either the officers or the defendant. By their verdict the jurors apparently believed the officers. And it is no great wonder that they did. The evidence is so strong and clear against the defendant that even if there had been error in the charge of the Court as given it would have been harmless, under the foregoing decisions, in light of the evidence.
The judgment of conviction appealed is therefore — ■
Affirmed.
HOBSON, Acting C. J., and MANN, J., concur.