430 So.2d 965 (1983)
Edwin COLON, Appellant,
v.
STATE of Florida, Appellee.
No. 82-1861.
District Court of Appeal of Florida, Second District.
May 4, 1983.
Jerry Hill, Public Defender, and L.S. Alperstein, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Robert J. Landry, Asst. Atty. Gen., Tampa, for appellee.
SCHEB, Acting Chief Judge.
A jury found appellant guilty of committing manslaughter with a firearm. He seeks a new trial on the ground that the trial court erroneously instructed the jury on the definition of excusable homicide.
The state charged Edwin Colon with the second-degree murder of Ernesto Euresti. Colon pled not guilty. The evidence at trial revealed that Colon was involved in an argument with Euresti's sister when Euresti attempted to intervene. Colon claimed that Euresti pulled a knife on him and threatened him. He contended he was defending *966 himself and that Euresti was fatally shot when the two of them scuffled and Euresti attempted to grab Colon's gun. At the conclusion of the evidence, Colon requested a jury instruction on excusable homicide committed in the heat of passion. Despite conflicting testimony, there was sufficient evidence to justify an instruction on Colon's theory of excusable homicide.
The trial court instructed the jury:
Another issue in this case is whether the killing of Ernesto Euresti was excusable. The killing of a human being is excusable if committed by accident and misfortune. In order to find the killing was committed by accident and misfortune, you must find that the defendant was doing a lawful act by lawful means, and with usual care, and acting without any unlawful intent. And two, in the heat of passion, brought on by a sudden provocation sufficient to produce in the mind of an ordinary person the highest degree of anger, rage, or resentment that is so intense as to overcome the use of ordinary judgment, thereby rendering a normal person incapable of reflection. And three, engaged in sudden combat.
(Emphasis supplied.)
Before the jury retired, Colon objected to the trial court's instruction pointing out "that there are three possibilities for excusable homicide, any one of which is excusable homicide. And if you read `and' in between paragraph two and three, it sounds as if you must meet all three criterias (sic), rather than just one, two, or three." Nonetheless, the trial court overruled Colon's objection and declined to make the requested revision. The jury found Colon guilty of committing manslaughter with a firearm, and the court sentenced him to fifteen years in prison. This appeal ensued.
Section 782.03, Florida Statutes (1981), defines excusable homicide as follows:
Homicide is excusable when committed by accident and misfortune in doing any lawful act by lawful means with usual ordinary caution, and without any unlawful intent, or by accident and misfortune in the heat of passion, upon any sudden and sufficient provocation, or upon a sudden combat, without any dangerous weapon being used and not done in a cruel or unusual manner.
(Emphasis supplied.)
Section 782.03 permits a defendant to rely on the defense of excusable homicide upon proof of only one of the three criteria of the statute. Yet, the court's instruction informed the jury that Colon would have to show all three alternatives to establish that the homicide was excusable. Since the only defense Colon presented was that the killing occurred by accident and misfortune in the heat of passion, it was crucial to him that the jury be precisely instructed on the law of excusable homicide. Reading the statute in the conjunctive rather than the disjunctive placed Colon in a disadvantageous position. Therefore, the error cannot be considered harmless.
We have examined appellant's other point on appeal and find it to be without merit. Accordingly, we vacate appellant's conviction and sentence and remand for a new trial.
SCHOONOVER and LEHAN, JJ., concur.