495 So.2d 1204 (1986)
Ted Leslie PARKER, Appellant,
v.
The STATE of Florida, Appellee.
No. 84-2339.
District Court of Appeal of Florida, Third District.
September 30, 1986.
Rehearing Denied November 5, 1986.
*1205 Bennett H. Brummer, Public Defender, and May L. Cain and William Cain, Sp. Asst. Public Defenders, for appellant.
Jim Smith, Atty. Gen. and Mark J. Berkowitz, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and HENDRY and HUBBART, JJ.
PER CURIAM.
The appellant, Ted Leslie Parker, was tried by jury and found guilty of third degree murder, shooting into an occupied dwelling, carrying a concealed firearm and unlawful possession of a firearm while engaged in the commission of a criminal offense. The court adjudicated him guilty and imposed sentence.[1]
Several points are raised by appellant as grounds for reversal. We shall discuss only one, the contention that the trial court erred by refusing to reinstruct the jury on excusable homicide when the instruction initially given allegedly caused confusion in the minds of the jurors.
The instruction which was read by the court stated, in pertinent part, as follows:
"An issue in this case is whether the killing of Ramero Gonzalez, Jr., was excusable.
The killing of a human being is excusable if committed by accident or misfortune. In order to find that the killing was committed by accident or misfortune you must find that the Defendant was:
One: A. Doing a lawful act by lawful means and with the usual care; and ... B. Acting without any unlawful intent.
Two, in the heat of passion brought on by a sudden provocation sufficient to produce in the mind of an ordinary person the highest degree of anger, rage, or resentment so intense to overcome the use of ordinary judgment thereby rendering a normal person incapable of reflection.
Three, engaged in sudden combat."
At the close of the jury charge, defense counsel objected to the excusable homicide instruction on the ground that its three elements were read in a conjunctive manner, rather than the disjunctive form which was used in the standard jury instruction. Counsel argued that the conjunctive reading indicated to the jury "that all three of the elements had to be present in order for the defense of excusable homicide to be present." The objection was overruled, counsel's request that the court read the instruction again was denied, and the jury retired to consider its verdict.
Appellant contends on appeal that the trial court erred in refusing to reinstruct the jury on excusable homicide and such error may not be considered harmless where the instruction which was given led the jury to believe that three elements were required for appellant's legal defense, rather than only one. We find merit in this contention, and reverse.
The trial transcript reflects that the instruction containing the three elements pertaining to excusable homicide, as read by the court to the jury, omitted the word "or" between the three elements. The standard jury instruction on excusable homicide states: "Give 1, 2 or 3, as applicable." (Emphasis supplied.) The instruction should have clearly stated that section 782.03, Florida Statutes (1983),[2] permits a defendant *1206 to rely upon the excusable homicide defense upon proof of only one of the three criteria of the statute. Colon v. State, 430 So.2d 965, 966 (Fla. 2d DCA 1983).
We reject the state's argument that any error in the excusable homicide jury instruction was cured by the introductory instruction which had previously correctly stated the elements in a disjunctive manner. The court's final instruction was the one apt to be decisive and, taken together, the instructions on the issue were equivocal, confusing and may have misled the jury. Blitch v. State, 427 So.2d 785, 787 (Fla. 2d DCA 1983). The erroneous instruction placed appellant in a disadvantageous position and cannot be considered harmless error. Colon v. State, 430 So.2d at 966. The judgment and sentence appealed are, accordingly, reversed and the cause is remanded for a new trial.
In view of our holding, we decline to address the point raised by appellant relative to sentencing. Appellant's remaining point has been considered and found to be without merit.
Reversed and remanded for a new trial.
SCHWARTZ, C.J., and HENDRY, J., concur.
HUBBART, Judge (dissenting).
The jury instruction on excusable homicide, as quoted in the court's opinion, was given neither in a conjunctive nor a disjunctive manner. Neither the word "and" nor the word "or" appears in the instruction after the first and second elements of excusable homicide. Admittedly, the instruction should have been given in a disjunctive manner, but, in my view, this omission affords no basis for a reversal in this case. I, accordingly, dissent from the court's reversal on this point.
The trial court, at the outset of its instructions, defined excusable homicide in these terms:
"Excusable Homicide: The killing of a human being is excusable and therefore lawful when it is committed by accident and misfortune and by doing a lawful act, by lawful means and with the usual ordinary caution and without any unlawful intent, or by accident or misfortune in the heat of passion upon any sudden or sufficient provocation or upon a sudden combat without any dangerous weapon being used and not done in a cruel or unusual manner." (emphasis added)
Plainly, the three elements of excusable homicide were correctly given here in a disjunctive manner. The subsequent, erroneous omission of the disjunctive when the court later redefined excusable homicide could not possibly have prejudiced the defendant because, unlike Colon v. State, 430 So.2d 965 (Fla. 2d DCA 1983), wherein a reversal ensued, the trial court did not substitute the conjunctive "and" for the disjunctive "or" after instructing on the first two elements of excusable homicide; the matter was simply left unaddressed at that point. Reading both instructions as a whole, however, I think the jury was sufficiently informed that the three elements of excusable homicide were disjunctive in nature. This being so, the error of omission complained of in the jury instructions was, in my view, entirely harmless based on the circumstances of this case, as the substantial rights of the defendant were in no way affected. See Hysler v. State, 132 Fla. 209, 232-33, 181 So. 354, 363-64 (1938), aff'd, 315 U.S. 411, 62 S.Ct. 688, 86 L.Ed. 932 (1941); Turner v. State, 423 So.2d 594 (Fla. 3d DCA 1982); Diez v. State, 359 So.2d 55, 56 (Fla. 3d DCA 1978); Waters v. State, 298 So.2d 208, 209 (Fla. 2d DCA 1974); Mathews v. State, 221 So.2d 431, 432 (Fla. 2d DCA 1969); §§ 59.041, 924.33, Fla. Stat. (1985).
I see no merit in the balance of the defendant's points on appeal, and, accordingly, *1207 would affirm the final judgment of conviction and sentence in all respects.
NOTES
[1] Sentencing was withheld on the conviction of unlawful possession of a firearm during the commission of a criminal offense.
[2] Excusable homicide.  Homicide is excusable when committed by accident and misfortune in doing any lawful act by lawful means with usual ordinary caution, and without any unlawful intent, or by accident and misfortune in the heat of passion, upon any sudden and sufficient provocation, or upon a sudden combat, without any dangerous weapon being used and not done in a cruel or unusual manner. (Emphasis supplied.)