513 So.2d 1371 (1987)
Demetrius Williams TAYLOR, Appellant,
v.
STATE of Florida, Appellee.
No. 86-1207.
District Court of Appeal of Florida, Second District.
October 23, 1987.
James Marion Moorman, Public Defender, and Kevin Briggs, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Candance M. Sunderland, Asst. Atty. Gen., Tampa, for appellee.
*1372 LEHAN, Judge.
We affirm defendant's conviction for first degree murder.
Defendant's first contention is that the trial court erred in instructing the jury as to excusable homicide without separating in that instruction, with the disjunctive "or," the different types of excusable homicide. We agree that this was error. See Parker v. State, 495 So.2d 1204 (Fla. 3d DCA 1986). See also Colon v. State, 430 So.2d 965 (Fla. 2d DCA 1983). However, we do not conclude that there was reversible error. Under no theory of the evidence presented at trial do we conclude the defendant could have been found not guilty based upon a finding of the existence of any of the three types of excusable homicide. See Smith v. State, 424 So.2d 726 (Fla. 1983). Defendant's own testimony was that the victim came upon defendant suddenly and that she stabbed out at the victim with a knife. Also, defendant did not object to the instruction and therefore failed to preserve the point for appeal. See Hyer v. State, 462 So.2d 488 (Fla. 2d DCA 1984). No fundamental error was involved; the instruction was separate and apart from defendant's defense of self-defense. See Sanford v. Rubin, 237 So.2d 134, 137 (Fla. 1970).
Defendant's second contention is that the trial court erred in refusing to admit evidence of a prior arrest and prior "bad acts" of the murder victim. We do not agree. The evidence was not admissible to show a reasonable apprehension of harm on the part of defendant because it is undisputed that defendant, at the time of the homicide, had not known of the matters sought to be introduced. See Banks v. State, 351 So.2d 1071 (Fla. 4th DCA 1977). Nor was the evidence admissible to prove whether the victim was the aggressor. Although reputation evidence may be admissible for that purpose, Banks, this evidence was not reputation evidence. Nor was the point preserved for appeal by an objection below. In fact, when the trial judge commented that the evidence would not be admissible, defense counsel said, "All right."
We find no merit in defendant's third contention that the trial court erred in imposing $200 court costs without a finding as to defendant's indigency. The record on appeal does not contain a transcript of the sentencing hearing. This is without prejudice to defendant filing a motion to correct sentence. See Haynes v. State, 486 So.2d 77 (Fla. 2d DCA 1986).
Affirmed.
SCHOONOVER, A.C.J., and FRANK, J., concur.