PER CURIAM.
Appellant seeks review of a judgment of conviction and sentence of twenty-seven years’ imprisonment for the offense of manslaughter with a firearm. He contends that the trial court erred in 1) denying his motion for judgment of acquittal, 2) instructing the jury on excusable homicide, and 3) assessing costs against him without notice or a hearing.
We find no error demonstrated in Point I, but reverse the judgment of conviction based on Point II and the assessment of costs based on Point III.
The trial court gave the standard jury instruction on excusable homicide, including the introductory short form, which contains the concluding phrase, “or upon a sudden combat, without any dangerous weapon being used and not done in a cruel or unusual manner.” Based upon the facts of this case and a number of recent cases concluding with Hoffert v. State, 559 So.2d 1246 (Fla. 4th DCA 1990), the appellate courts have been uniform in holding that the giving of the standard jury instruction without more is misleading as written and requires a new trial. Furthermore, the assessment of costs without notice and a hearing is also reversible error. Mays v. State, 519 So.2d 618 (Fla.1988); Jenkins v. State, 444 So.2d 947 (Fla.1984).
Accordingly, the judgment of conviction and sentence are reversed and the cause is remanded for a new trial.
HERSEY, C.J.,.DOWNEY, J., and FRANK, RICHARD H., Associate Judge, concur.