PER CURIAM.
The defendant, Glenn Evans, appeals a conviction of attempted second degree murder with a firearm. Evans argues one point which we find to be dispositive. The trial court gave the following instruction to the jury on excusable homicide:
The killing of a human being is excusable and therefore lawful when committed by accident and misfortune in doing any lawful act, by lawful means, with usual and ordinary caution and without any unlawful intent, or by accident or misfortune in the heat of passion upon any sudden and sufficient provocation, or upon a sudden combat without dangerous weapon being used and not done in a cruel and unusual manner.
* * * * * *
However, the defedant (sic) cannot be guilty of manslaughter if the killing was either justifiable or excusable homicide as I have previously defined those terms to you.
An issue in this case is whether the shooting or the attempt (sic) shooting was excusable. The killing of a human being is excusable if committed by accident and misfortune.
In order to find the killing was committed by accident and misfortune you must find the defendant was doing a lawful act, by lawful means, and with usual care, and acting without any unlawful intent, or in the heat of passion brought on by a sudden provocation sufficient to produce in the mind of an ordinary person the highest degree of anger, rage or resentment that is so intense as to overcome the use of ordinary judgment, thereby rendering a normal person incapable of reflection, or engaged in a sudden combat.
However, if a dangerous weapon was used in the combat or the killing was done in a cruel or unusual manner, the killing is not excusable. (Emphasis added).
Evans argues that the last paragraph quoted above inaccurately suggests that if a weapon is used then a killing cannot be excusable, when in fact the use of a dangerous weapon only modifies the instruction on sudden combat. The Fourth District has previously ruled on this issue in Hoffert v. State, 559 So.2d 1246 (Fla. 4th DCA 1990.) Based on Hoffert we reverse.
REVERSED AND REMANDED.
HERSEY, C.J., and DOWNEY and WALDEN, JJ., concur.