PER CURIAM.
This is an appeal from a conviction and sentence following retrial of appellant occasioned by our earlier reversal in Hoffert v. State, 559 So.2d 1246 (Fla. 4th DCA), rev. denied, 570 So.2d 1306 (Fla.1990).
It is first contended that, as in the prior case, the “sudden combat” instruction given the jury was improper and again requires reversal.
The trial court gave the following jury instruction:
Excusable homicide. An issue in this case is whether the killing of Peter Sullivan was excusable. The killing of a human being is excusable and therefore lawful if committed by accident and misfortune. In order to find the killing was *1255 committed by accident and misfortune, you must find that the Defendant was in the heat of passion brought on by a sudden provocation sufficient to produce in the mind of an ordinary person the highest degree of anger, rage, or resentment, that it is so intense as to overcome the use of ordinary judgment, thereby rendering a normal person incapable of reflection.

Or in order to find the killing was committed by accident or misfortune, you must find the Defendant was engaged in sudden combat. However, a killing that occurs during sudden combat cannot be excusable if a dangerous weapon was used or the killing was done in a cruel and unusual manner.

(Emphasis supplied.) This instruction cures the impropriety noted in State v. Smith, 573 So.2d 306 (Fla.1991), and the error which required reversal in the earlier Hoffert case.
Appellant also contends that the trial court erred when the jury, at its request, was re-instructed on second degree murder and manslaughter, because the re-instruction did not include excusable and justifiable homicide. In Castor v. State, 365 So.2d 701 (Fla.1978), the holding in Hedges v. State, 172 So.2d 824 (Fla.1965), was clarified to require re-instruction only on requested definitions of justifiable and excusable homicide. Here, there was neither prior request nor subsequent objection. Thus the error, if any, has been waived. See Rojas v. State, 552 So.2d 914, 915 (Fla.1989); McGee v. State, 570 So.2d 1079, 1081 (Fla. 3d DCA 1990), rev. denied, 582 So.2d 623 (Fla.1991).
We find no merit in appellant’s argument based upon ex parte communications. As to the other points raised, we find that any errors were harmless. Accordingly, we affirm.
AFFIRMED.
DOWNEY, LETTS and HERSEY, JJ„ concur.