PER CURIAM.
Timmie Ray Barron appeals the denial of his motion for postconviction relief. The mo *583 tion raises nine grounds of error including multiple claims of ineffective assistance of counsel. We hold that two of his points may-have merit and remand this matter to the trial court to further address his arguments.
Barron contends that counsel was ineffective for failing to recognize and object to a fundamentally defective jury instruction. He was charged with the murder of his ex-wife’s boyfriend and burglary. It is asserted that the court presented a jury instruction on excusable homicide which improperly stated the alternate theories of the defense in the conjunctive rather than the disjunctive. The giving of such an instruction, which could lead the jury to believe that the defense requires the presence of more than one element, has been held to be reversible error. Parker v. State, 495 So.2d 1204 (Fla. 3d DCA 1986), review denied, 504 So.2d 768 (Fla.1987); Colon v. State, 430 So.2d 965 (Fla. 2d DCA 1983); see also Hoffert v. State, 559 So.2d 1246 (Fla. 4th DCA), review denied, 570 So.2d 1306 (Fla.1990).
The trial court’s order denying Barron’s motion states that this issue was presented on his direct appeal. The court is mistaken. While the issue of an erroneous jury instruction was raised, it did not involve this portion of the excusable homicide instruction. The court must address the issue of trial counsel’s apparent ineffectiveness in failing to object to this improperly stated instruction.
Barron also alleges that his counsel was ineffective for failing to identify, submit, and preserve his right to a “heat of passion” defense.
In its order denying the motion, the court correctly points out that Barron was convicted of first degree felony murder and that such a defense would not be applicable to that offense. However, the state indicated at a pretrial hearing that it intended to proceed on both a premeditated theory and a felony murder theory. Additionally, the jury was instructed as to the heat of passion defense; unfortunately, it was part of the jury instruction which apparently was improperly presented in the conjunctive form as discussed above.
The trial court should address this issue by attaching those portions of the record which demonstrate that the heat of passion defense was adequately presented by counsel and that the jury instruction as given does not constitute reversible error.
Accordingly, we remand this matter for the court to address the issues discussed herein. The denial of the motion for post-conviction relief as to the other grounds is affirmed.
If the trial court chooses to again deny the motion as to these points, it shall attach those portions of the record which supports its ruling. Alternatively, it shall conduct an evidentiary hearing to determine the merit of these two issues.
CAMPBELL, A.C.J., and SCHOONOVER and THREADGILL, JJ., concur.